[S. F. No. 5060. In Bank.—December 28, 1908.]

## SAN FRANCISCO GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO; THOMAS F. GRAHAM, Judge, Respondent.

DEPOSITION TAKEN PENDING APPEAL—SUPERIOR COURT HAS JURISDICTION TO ISSUE COMMISSION—EVIDENCE FOR USE ON POSSIBLE NEW TRIAL.—Pending an appeal from the judgment and an order refusing a new trial, the superior court has jurisdiction, under section 946 of the Code of Civil Procedure, at the instance of a party to the action, to issue a commission to take the deposition of a witness, under sections 2020 and 2021 of that code, with a view to its use on a new trial of the action, if one were awarded on the appeal.

ID.—TIME DURING WHICH DEPOSITIONS MAY BE TAKEN.—Sections 2020 and 2021 of the Code of Civil Procedure, prescribing the time for taking depositions and providing that the deposition of a witness out of the state in all cases, and of a witness in the state in certain enumerated cases, may be taken in an action at any time after the service of the summons or the appearance of the defendant, do not limit the taking of depositions to the time before verdict or findings upon the issues of fact. The existence of an actual, as distinguished from a potential issue of fact, is not, by the terms of the sections, made a conclusive test of the right to take depositions *de bene esse*, and such a limitation should not be imposed by construction.

ID.—CONSTRUCTION OF STATUTES RESPECTING TAKING OF TESTIMONY.— It was the intention of the legislature, in the enactment of the code provisions respecting the proceedings for the perpetuation of testimony and the taking of depositions *de bene esse*, not only to provide a simple statutory proceeding by which litigants, actual or expectant, could secure all the relief formerly afforded by courts of equity, but even ampler relief and upon easier terms; and in any case which falls at once within the principle upon which the jurisdiction of equity was founded, and the letter of the statute, the right to take a deposition must be upheld.

ID.—PERPETUATION OF TESTIMONY ACCORDING TO EQUITABLE PRINCIPLES. —Either the fact that a person was the only one who could be a witness upon a material point, or the fact that he was under sentence of death and expected to be executed within a short time, would have been sufficient ground in equity for perpetuating his testimony for use in expected litigation, and the same principle should apply to a case on appeal from an order denying a new trial of an action.

ID.—COST OF TAKING DEPOSITION PENDING APPEAL.—It is not a valid objection to such a construction of sections 2020 and 2021 of the

Code of Civil Procedure, that it might enable a contentious litigant to subject the successful party to an action to great and unnecessary expense in the taking of depositions pending a frivolous appeal.

Id.—Depositions not Germane to Issues—Use under Amended Answer.—In an action against a gas company, to recover damages alleged to have been caused by an explosion of gas by reason of its negligence, in which issue was raised as to the alleged negligence of the defendant in allowing gas to escape from its pipes, the fact that the answer did not specifically deny that the explosion was caused by the ignition of escaping gas is not a valid reason for the refusal to issue a commission to take the deposition of a witness whose evidence would have shown that the explosion was not caused by escaping gas, but by a dynamite bomb which he had exploded. This is particularly so, where the deposition is sought to be issued pending an appeal by the defendant from a judgment and order denying a new trial entered against it, in which the real question would be not whether the witness's testimony would be material to the issues which were tried, but whether it would be material on a new trial, and under such an amendment to the answer as might be allowable.

Id.—Discretion to Refuse Commission.—It is not in the discretion of the trial court or judge to refuse to issue a commission to take the deposition of a witness in the cases defined by the code.

Id.—Mandamus to Compel Issuance of Commission — Right to Appeal from Order.—Conceding that an order refusing to issue a commission to take the testimony of a witness, made pending an appeal from the judgment, may be the subject of a direct appeal, that remedy is not exclusive, and *mandamus* will lie to enforce its issuance.

APPLICATION for a Writ of Mandate to the Superior Court of the City and County of San Francisco.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Petitioner.

Samuel M. Shortridge, for Respondent.

BEATTY, C. J.—This is a proceeding in *mandamus* to compel the issuance of a commission to take the testimony of one Harry Orchard *alias* Barry—a prisoner confined in the penitentiary of Idaho—in order that his deposition may be used upon a new trial of an action in which the petitioner is defendant. The cause has been submitted upon the demurrer and answer filed by the judge of the superior court in response to our alternative writ.

The material facts to be considered are that on and prior to the seventeenth day of November, 1904, the petitioner was supplying gas to a building in San Francisco which on that day was partially destroyed by a sudden explosion. Walter H. Linforth, the owner of the building, commenced an action against the petitioner for damages, alleging that the explosion had been caused by the ignition of gas which had escaped from the pipes of the corporation by reason of its negligence in failing to inspect them and keep them in proper repair. Afterwards, the cause, being at issue, was tried by a jury and a verdict rendered in favor of Linforth for ten thousand eight hundred dollars, upon which judgment was entered on October 4, 1905. On December 4, 1905, petitioner appealed from that judgment, and its appeal is still pending in this court. All the records in the case were destroyed in the great fire of April, 1906, but they were subsequently restored, and in March, 1907, petitioner's motion for a new trial was denied. Its appeal from that order also is still pending in this court. The motion for a new trial was based partly upon the ground of newly discovered evidence, which, as set forth in the affidavits, embraced, among other things, a statement that said Harry Orchard would testify, in effect, that he had blown up Linforth's house with a dynamite bomb in an attempt to assassinate one Bradley, who, on the seventeenth day of November, 1904, was an occupant of the premises. At the time of the motion Orchard was, as he still is, confined in the penitentiary at Boise, Idaho. In March, 1908, he was sentenced to be executed for murder on May 15th, but he was afterwards reprieved and his sentence finally commuted to life imprisonment. On April 24, 1908, and prior to such commutation, a proceeding was commenced in the superior court, before the Hon. Thomas F. Graham, to obtain Orchard's deposition for use upon a new trial of Linforth's suit, if it should be remanded for a new trial by this court. On the objection of Linforth the superior court refused to issue a commission to take the deposition upon the ground that neither the court, nor judge, had any jurisdiction to grant the application. On May 2d, another application was made to the same court to perpetuate the testimony of Orchard, under sections 2083 *et seq.*, of the Code of Civil Procedure, which application was also denied; whereupon, the present proceeding was commenced.

Various objections are urged on behalf of Mr. Linforth and the respondent, to the award of a peremptory writ. So far as those objections relate to the proceedings under sections 2083 *et seq.,* of the Code of Civil Procedure, to perpetuate testimony, they require no consideration, since the petitioner is not seeking any review of the order denying that application. The fact that it was made and denied seems to have been stated in the petition for no other purpose than to show that all the remedies available to the petitioner in the superior court had been fruitlessly invoked before this proceeding was instituted here, which, as above stated, looks only to the issuance of a commission to take the testimony of the witness in a pending action, pursuant to sections 2020 *et seq.,* of the Code of Civil Procedure. To the granting of this relief it is objected, in the first place, that the order of the superior court denying petitioner's motion for a commission was an order made after final judgment in the action of Linforth *v.* Gas Company, and as such is reviewable on appeal (Code Civ. Proc., sec. 963), and, since appeal is a plain, speedy, and adequate remedy, that *mandamus* will not lie. (Code Civ. Proc., sec. 1086.) This position assumes that the superior court had jurisdiction to make the order sought (if the law warrants such an order) and that its ruling upon the motion was reviewable for error. It is stated, however, that the order was denied upon the ground of want of jurisdiction, and if that view is correct an appeal would have been fruitless. The only possible remedy for the petitioner would have been an original proceeding in this court where the cause was pending on appeal. It is necessary, we think, to determine this question of jurisdiction in the first place; and we have no doubt that if, upon a proper construction of sections 2020 *et seq.,* of the Code of Civil Procedure, they apply to a case like this, in which the issues of fact have been decided, and their retrial is contingent upon a reversal by this court of the judgment of the superior court, the jurisdiction to order a commission resides in that court. It is expressly provided (Code Civ. Proc., sec. 946), that notwithstanding the perfection of an appeal to this court, and the stay of all proceedings upon the judgment or order appealed from, and matters embraced therein, the superior court may nevertheless, "proceed upon any other matter embraced in the action and not affected by

CLV Cal.—3

the order appealed from." It seems very plain that if the same statute which contains this provision has also provided that one or both parties to a pending appeal may take depositions with a view to the new trial which may be awarded, the right to do so is not a matter affected by the judgment or order appealed from, and that it rests with the superior court to order the commission if it may be ordered at all.

What, then, is the proper construction of sections 2020 and 2021 of the Code of Civil Procedure which prescribes the time for taking depositions? They say in plain terms that the depositions of a witness out of the state in all cases, and of a witness in the state in certain enumerated cases, may be taken in an action at any time after the service of the summons or the appearance of the defendant. This language is very sweeping and comprehensive and clearly includes, if taken literally, all the time that an action is pending, that is to say, all the time from service of summons or the appearance of the defendant until "its final determination upon appeal or until the time for appeal has passed unless the judgment is sooner satisfied (Code Civ. Proc., sec. 1049)." But it is contended that this language of the code must be limited by construction to the time before verdict or findings upon the issues of fact, for, it is said, after verdict or findings there is no issue of fact to be tried, and therefore no occasion for the taking of depositions. It may be answered to this objection, that in case of an *action,* it is not requisite that an issue of fact should have arisen in order to authorize the taking of depositions. As soon as the summons has been served either party may commence the taking of depositions relevant to any possible issue that may arise upon a denial of the allegations of the complaint or upon the allegation of new matter in the answer, and there is perhaps some significance in the distinction made by the statute in this particular between actions and special proceedings. Clearly, therefore, the existence of an actual, as distinguished from a potential, issue of fact, is not, by the terms of the statute, made a conclusive test of the right to take depositions *de bene esse.* On the contrary it is, as we have seen, broad enough in its express terms to include this very case, and if it is to be construed in a narrower sense the reasons for that construction must be sought in the policy which prompted its enactment. The code provisions in respect

to this matter, like other code provisions, were designed to simplify procedure—to promote the ends of justice by enabling litigants to protect their substantial rights by simpler, speedier, and more efficacious means. Among the most important rights of a litigant is that of securing the evidence by which the justice of his claim or defense may be established, and when there is but a single witness upon a material point, or the witnesses are old and infirm, or without the jurisdiction, the necessity of taking their depositions is apparent. It was, therefore, an important part of what has been called the auxiliary jurisdiction of courts of equity to provide for the perpetuation of testimony in view of anticipated litigation, as well as for the taking of depositions *de bene esse* in causes actually at issue. The proceeding in such cases was by bill, and involved the long and tedious procedure of a suit in equity. Relief also was cautiously administered, and the chancellors in later times hesitated to award a commission in a case for which an exact precedent could not be found, although it clearly appeared to fall within the principle upon which the jurisdiction was originally founded. (19 Anonymous, Vesey Jr., 319-34 Eng. Reprint, 536, and 1 Pomeroy's Equity, 3d ed., secs. 210 *et seq.*)

This was the situation when our codes came to be enacted, and it very clearly appears that it was the intention of the legislature not only to provide a simple statutory proceeding by which litigants, actual or expectant, could secure all the relief formerly afforded by courts of equity, but even ampler relief, and upon easier terms. (Prof. Pomeroy states in the sections above cited that the same liberal extension of the remedy has been made by act of parliament in England.) This disposition to amplify the remedy is plainly apparent in the provisions of our code, both with respect to the proceeding to perpetuate testimony and the right to take depositions *de bene esse,* and in view of this tendency of legislation it seems clear to us that in any case which falls at once within the principle upon which the jurisdiction in equity was founded, and the letter of the statute, the right to take a deposition must be upheld. The equitable principle referred to is manifest in the instances in which the proceeding to perpetuate testimony was allowed,—viz., when there was but a single witness to a fact material in expected litigation, or when a witness was

past seventy, or dangerously ill. The proceeding was allowed, that is to say, when there was danger that the evidence might be lost by the death of the witness, and that notwithstanding there was no pending issue of fact. When a cause was actually at issue commissions were allowed for the examination of witnesses who were without the jurisdiction, because that was the only means by which their testimony could be secured.

When in this case application was made to the superior court for a commission to take the deposition of Orchard, it showed the existence of two facts, either of which would have constituted on equitable principles a sufficient ground for perpetuating his testimony for use in expected litigation. He was in the first place the only witness upon a material point, and he was to be executed within a short time—a stronger case, as it seems to us, than age or illness. There was also some reason to expect that the case of Linforth *v.* Gas Co. might be retried. On principle there does not seem to be any valid distinction between a case on appeal from an order denying a new trial, and a case in which an action may never be commenced. The difference is one of degree and not of kind. In either case, the issue may or may not come to be tried, and under our statute it is plain that the proceeding to perpetuate testimony would lie in cases involving even a remoter possibility that the testimony would ever be required than there is in the average of appealed cases that there will be a reversal. The reason, therefore, for taking Orchard's deposition in this case was not less cogent than in ordinary cases in equity, and the rule of our statute is more liberal than the rule in equity.

The pertinency of this discussion of the rules governing the procedure for the perpetuation of testimony appears from the fact that one at least of the grounds upon which testimony was allowed to be taken *in perpetuam* is made by our statute a ground for taking the deposition of a witness *de bene esse*, viz.: "When the witness is the only one who can establish facts or a fact, material to the issue." (Code Civ. Proc., sec. 2021, subd. 6.)

Orchard was the only witness by whom the petitioner could hope to prove that Linforth's house was damaged by an explosion of dynamite and not by an explosion of gas, and moreover, it appeared that he was soon to die. His testimony

was therefore as clearly within the reason as within the letter of the law, which, as we have seen, allows the testimony of such a witness, whether within or without the state, to "be taken in *an action at any time after* the service of the summons or the appearance of the defendant."

The only substantial argument against this construction of the statute is that it enables a contentious litigant to subject the successful party to an action to great and unnecessary expense in the taking of depositions pending a frivolous appeal. This objection, however, does not seem to have been deemed by the legislature sufficiently grave to prevent the enactment of a statute which easily admits of the same abuses, even when restricted in its application to pending issues, and to controversies which may never reach an issue. There seems also to be less reason to apprehend the inconveniences suggested when it is remembered that the party taking depositions in a case like this must pay the costs of the proceeding without hope of recovering them back except in the event of a reversal of the judgment or order, and not then unless the final judgment is in his favor. Moreover, the respondent may, in case of an appeal manifestly frivolous, ignore the whole proceeding to take new depositions, or if he deems it unsafe to omit the employment of counsel to attend and cross-examine, he may invoke the power of this court to impose an adequate penalty, on affirmance of the judgment, to recompense him for the unnecessary expense to which he has been subjected in consequence of a frivolous appeal. In view of these considerations it is not to be feared that a liberal construction of the code provisions in question will result in serious abuses.

We have been cited by counsel to only two cases in which the precise point here involved has been decided, and they are in apparent conflict. In *McColl* v. *Sun Mutual Ins. Co.,* 44 How. Pr. 465, the court of appeals of New York decided (Grover, J., dissenting, and Rapallo, J., not voting) that under the statute of that state the supreme court had no authority to issue a commission to take the deposition of a foreign witness in a case pending on appeal. The decision went altogether upon provisions of their statute which do not appear in ours, and upon the presumption that there would be no new trial. It was conceded that it might be in furtherance of justice to

extend the statute so as to embrace such cases, but the court said it was to be considered that it would subject the prevailing party to additional expense.

In *Long* v. *Straus,* 124 Ind. 84, [24 N. E. 664], the supreme court of Indiana said: "It is also argued that, as the cause was pending in this court at the time the deposition was taken, it should have been suppressed. There is no strength in this position. The appellees had a right to take depositions to preserve testimony at any time, and the fact that the case was pending on appeal did not deprive them of this right. They were not bound to take the risk of losing the testimony, but had there been no opportunity for using it they would have been compelled to pay the costs of securing it."

The statute under which this decision was made is not cited, and we are ignorant of its terms, but it can scarcely have been more liberal than our own. And however this may be— whether the terms of the Indiana statute were plain and mandatory or of doubtful construction—one thing is certain, that the policy of the law is very clearly vindicated in a few words. In the cases to which the law applies each party must take some risk. The party desiring the testimony must take the deposition or run the risk of losing it—the opposing party, if the depositions are taken, must incur the expense of employing counsel to cross-examine, or take the risk of ignoring the proceeding. If the condition of the cause is such that the respondent is not willing to take the risk of an *ex parte* deposition, the appellant should not be compelled to take the risk of losing the testimony altogether. And if the position of the parties is reversed and it is the respondent who desires the testimony, the argument in his favor is still stronger.

Our conclusion is that the right of the petitioner to take the deposition of Orchard is plain, unless it be a valid objection, as contended by respondent, that the answer of the petitioner in the damage suit raises no issue as to the cause of the explosion by which Linforth's house was damaged. The answer, it is said, makes no denial that the explosion was caused by the ignition of escaping gas. It is true that the answer fails to make a direct issue upon this point, but it does make a very plain issue upon the alleged negligence of the corporation in allowing gas to escape from its pipes. This question of negligence is certainly material. The mere fact

of the explosion, otherwise unexplained, would perhaps justify the inference of escaping gas—an essential step in the proof of negligence, and Orchard's testimony, if believed, would refute the theory of a gas explosion.

But aside from this, the real question is not whether Orchard's testimony would be material to the issues which were tried, but whether it will be material on a new trial, and under such an amendment to the answer as the circumstances of the case would warrant the court in allowing.

As to the question of remedy we think the petitioner is entitled to the writ of *mandamus*. That would be the only remedy for the refusal of a commission in a proper case before judgment, and there can be no doubt that it would lie, because it does not rest in the discretion of the trial court or judge to refuse a commission in the cases defined by the code. Conceding that, in cases such as this, the order denying the application for a commission is appealable, that does not seem to be a sufficient reason for holding that remedy exclusive. It would be entirely inadequate in most cases, as it would have been in this, but for the fact that Orchard's sentence has been commuted. And, moreover, the order remanding the cause if it had been reviewed upon appeal, would be in substance a peremptory mandate.

It is ordered that a peremptory writ issue as prayed.

Henshaw, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.