[Civ. No. 1020.    Second Appellate District.—December 26, 1911.]

J. A. KIBELE and E. L. FOSTER, Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF KERN, and J. W. MAHON, Judge Thereof, Respondents.

DEPOSITIONS—RIGHT OF DEFENDANT TO PLAINTIFF'S DEPOSITION BEFORE ANSWER.—The defendant in an action, who has appeared by demurrer, has the right, under section 2021 of the Code of Civil Procedure, before the filing of his answer, to take the deposition of the plaintiff. Under the clear and explicit terms of that section, the testimony of a witness who is a party to an action may be taken therein by deposition at any time after service of summons or the appearance of the defendant.

ID.—REFUSAL OF PLAINTIFF TO ANSWER "MATTER NOT IN ISSUE"—CONTEMPT PROCEEDING—PROHIBITION.—The plaintiff was not justified in refusing to answer the questions propounded to him for the defendant, for the purpose of taking his deposition pursuant to the code provision, on the ground that there was "matter not in issue," and where he was cited to answer before the court in a contempt proceeding for such refusal, the writ of prohibition will not lie to prevent the court from hearing such proceeding for contempt.

ID.—CONSTRUCTION OF CODE PROVISION AS TO "MATTER IN ISSUE."—The provision of section 2065 of the Code of Civil Procedure, that "a witness must answer questions legal and pertinent to the matter in issue," is not to be construed narrowly as applying solely to allegations of the complaint which are denied by an answer. Such construction would not only nullify the plain provisions of section 2021 of the same code, but would likewise destroy the right given by the statute for the perpetuation of testimony. The matter of the complaint is the matter to be litigated, and its allegations are deemed

denied, and thus to constitute the matter in issue for the purpose
of taking the deposition of plaintiff as allowed by law to the de-
fendant before answer.

PETITION for writ of prohibition to the Superior Court
of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, Watkins & Blodget, Geo. E. Whitaker, and
Kemp, Mitchell & Silberberg, for Petitioners.

J. Wiseman McDonald, and William P. Boland, for Re-
spondents.

SHAW, J.—The petitioner Kibele instituted an action in
the superior court of Kern county against the Vesta Oil Com-
pany.   The defendant, without answering, interposed a de-
murrer to the complaint, and upon such state of the pleadings
proceeded to take the deposition of plaintiff in accordance
with the provisions of the sections of the code relating to
depositions.   Under the advice of his attorney, E. L. Foster,
also petitioner herein, plaintiff refused to answer certain ques-
tions propounded to him, and, notwithstanding the order of
court duly made commanding him so to do, persisted, under
the advice of his said attorney, in such refusal to answer.
Thereupon petitioners were cited to show cause why they
should not be adjudged guilty of contempt, Foster being in-
cluded in the citation for the reason that he had advised
Kibele to disobey the order.   The matter coming on for hear-
ing, the court directed that an order be prepared adjudging
petitioners guilty of contempt, and committing them to jail
for a term of five days, and was about to sign the order, when
it was restrained from so doing by an alternative writ issued
from this court directing it to show cause why it should not
be prohibited from so doing, and meanwhile to desist from
further proceedings in the matter.

The sole contention of petitioners urged in support of the
granting of the writ is that, as no answer had been filed in
the case, there was no issue presented, and hence for this rea-
son only the questions propounded, conceded to be relevant
and pertinent to matters alleged in the complaint, were not

17 Cal. App.—46

pertinent to any matter in issue, and therefore plaintiff could not be required as a witness to give his deposition. The case of *Kibele* v. *Vesta Oil Co.*, wherein defendant sought to take the deposition of plaintiff, was an action, as distinguished from a special proceeding. The statute (Code Civ. Proc., sec. 2021) in clear and explicit terms provides that the testimony of a witness who is a party to an *action* may be taken therein by deposition at any time after service of summons or the appearance of the defendant. In the case of *San Francisco Gas & Electric Co.* v. *Superior Court*, 155 Cal. 30, [99 Pac. 359, 17 Ann. Cas. 933], a like question arose, it being contended that there was no issue, for the reason that the case had been tried and was then pending in the supreme court on appeal. In discussing the point the court, speaking through the chief justice, said: "It may be answered to this objection that in case of an *action*, it is not requisite that an issue of fact should have arisen in order to authorize the taking of depositions. As soon as the summons has been served, either party may commence the taking of depositions relevant to any possible issue that may arise upon a denial of the allegations of the complaint or upon the allegation of new matter in the answer, and there is perhaps some significance in the distinction made by the statute in this particular between actions and special proceedings. Clearly, therefore, the existence of an actual, as distinguished from a potential, issue of fact, is not, by the terms of the statute, made a conclusive test of the right to take depositions *de bene esse*." (See, also, *California etc. Co.* v. *Schiappa-Pietra*, 151 Cal. 732, [91 Pac. 593].) While section 2065, Code of Civil Procedure, provides that "a witness must answer questions legal and pertinent to the matter in issue," it would be a narrow interpretation to construe the words "matter in issue" as applying solely and alone to the *naked* allegations of the complaint which are denied by the answer. The sustaining of such contention would not only nullify the plain provisions of section 2021, Code of Civil Procedure, but likewise destroy the right given by statute for the perpetuation of testimony, as in neither case could a witness be required to testify against his will. The right to recover the subject of litigation as legally set forth in the complaint is the matter in issue, and until a final termination of the case either party thereto, after defendant is in court and

before answer filed, is, upon complying with the provisions of the statute, entitled to the legal testimony of the other by deposition as to all material allegations of the complaint upon which such right is based, and all of which, in contemplation of law, since, until his default therein, defendant has the right to answer, are deemed to be denied.

The alternative writ heretofore issued is dismissed and petitioners' application denied.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1912.