[Civ. No. 11696. Second Appellate District, Division One.—March 17, 1938.]

STANLEY MOST, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Irving S. Baltimore and Mitchell, Silberberg, Roth & Knupp for Petitioner.

Pacht, Pelton, Warne & Black for Respondents.

WHITE, J.—By a petition for a writ of prohibition petitioner challenges the right and jurisdiction of the superior court to adjudge a defendant in an action guilty of contempt for his refusal to answer interrogatories in a proceeding regularly instituted by the plaintiff to take his deposition under the provisions of section 2021 of the Code of Civil Procedure.

Briefly, the amended complaint alleges that plaintiffs were minority stockholders of certain New York corporations, all engaged in the manufacture and sale of certain bronze products; that defendants, including the petitioner herein, were the majority stockholders and were actively in charge of the management of the corporation, were in control of the board of directors, and were the corporation's managing officers. The amended complaint then goes on to allege that during the year 1927 a projected plan was proposed to merge with another corporation, the corporations in which plaintiffs and defendants had their respective stock interests, through the sale by plaintiffs and defendants of their stock interests to the new corporation. It is then alleged that defendants, including petitioner herein, acted as agents and in a trustee capacity for plaintiffs in negotiating and consummating said merger and the sale of their stock holdings. It is alleged that about December, 1927, the defendants stated to plaintiffs that said transaction had been consummated for a total price of some $324,000, and that $81,000 represented the total *pro rata* share to which plaintiffs were entitled, being approximately one-fourth thereof, and that there was then paid to plaintiffs the sum of $81,000, which they accepted; and, according to the amended complaint, their acceptance was

based on the fact that they fully believed the statements and representations and relied upon their agents and trustees, who were the defendants. It is then alleged that the transaction in truth was not a cash one, but that the defendants received certain common and preferred stock in the new corporation which defendants sold for a sum alleged upon information and belief to have been in excess of $2,000,000. It is further alleged that plaintiff had no knowledge of the terms and conditions of the sale, and relied solely on the statements and representations of the defendants, and that plaintiffs did not discover the alleged breach of trust until some time during the year 1933. By their amended complaint the plaintiffs seek a declaration by the court that a constructive trust exists and existed in favor of plaintiffs in connection with the transactions above referred to, and pray that defendants, including the petitioner herein, be required and directed to account to plaintiffs for the property, income and profits of the aforesaid transaction. There is a second cause of action contained in the amended complaint which is not pertinent here for the reason that no questions were asked regarding the allegations peculiar thereto.

To the aforementioned amended complaint petitioner herein, as a defendant, filed his answer, which, among other things, denied the existence of any trust and alleged an outright sale of plaintiffs' stock to the defendants named in the action.

The questions asked of petitioner herein upon the taking of his deposition, and which he refused to answer, and for which refusal he was adjudged in contempt, and in connection with which the superior court proposes to pronounce judgment against him, go to the point of what happened to the stock of petitioner received in the transaction above referred to, whereby the original companies in which the parties were interested transferred their assets to the new corporation, and seek to trace the sale of the alleged trust assets by petitioner through their various mutations and into their present form. Epitomized, plaintiffs seek through the questions propounded to petitioner to prove and establish by the latter what he did with the property he acquired from plaintiffs, and in what form and under what name he now holds it, as well as the value and character of such property.

Petitioner resists the jurisdiction of the superior court to compel him to answer the interrogatories on the ground

that the primary issue as framed by the pleadings is whether an agency relationship was created between the plaintiffs in this case and the petitioner as a defendant; that because defendants deny the existence of any agency relation and allege an outright sale of the stock in question by plaintiffs to defendants for which the former were paid a fixed purchase price, before petitioner herein as a defendant can be interrogated as to what his assets are or what he did with the proceeds of the stock which he received as a result of the merger in question, it must first be established that there was a trust relationship either by reason of an agency or by reason of some other relationship existing between the plaintiffs and the defendants which bound them, including petitioner, to the plaintiffs in a fiduciary capacity. Petitioner argues that until this trust or fiduciary relationship is established the plaintiffs have no right to interrogate petitioner as to what he did with any assets he may have received as a result of the merger or as to what he did with the stock of the plaintiffs, or as to what became of the proceeds of said stock. This objection of petitioner is not well taken. Section 2021 of the Code of Civil Procedure provides that "the testimony of a witness in this state may be taken by deposition in an action at any time after the service of the summons or the appearance of the defendant, and in a special proceeding after a question of fact has arisen therein" when the witness is a party to the action. In the case before us, it conclusively appears that the witness whose deposition was sought to be taken was a party to an action as distinguished from a special proceeding; that he had appeared therein; and the statute in plain and explicit terms provides that the testimony of such witness may be taken by deposition in an action *at any time after his appearance.*

Petitioner's contention that before he can be interrogated with reference to the assets upon which a trust is sought to be impressed, the plaintiffs must first establish the existence of such a trust or other fiduciary relationship, is without merit. In *Rossbach* v. *Superior Court,* 43 Cal. 729 [185 Pac. 879], it was held that the superior court has jurisdiction to adjudge a defendant guilty of contempt for his refusal to answer interrogatories in a proceeding instituted by plaintiff to take his deposition after the sustaining of a general demurrer to the complaint with leave to file an amended com-

plaint. It was there held that the filing of the complaint constitutes the bringing of the action, and the plaintiff's right to have the defendant's deposition taken depends not alone upon whether it is material to issues tendered thereby, but the right thereto is equally clear *if it would be material to any possible issue* raised by new allegations contained in an amended complaint which the court might properly permit the plaintiff to file. Indicative of the trend of judicial decisions in this regard, it was held in the case last above mentioned that the ruling of the court in sustaining the general demurrer to the complaint *might* on appeal by plaintiff be reversed, thus upholding the right to have a deposition taken for use in a possible new trial. In *San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30, 34 [99 Pac. 359, 17 Ann. Cas. 933], where it was claimed that there was no issue as to which depositions could be taken, for the reason that the case had been tried and was then pending on appeal in the Supreme Court, is found the following language by the court, speaking through the late Chief Justice Beatty: ''It may be answered to this objection that in the case of an *action,* it is not requisite that an *issue of fact should have arisen* in order to authorize the taking of depositions. As soon as the summons has been served either party may commence the taking of depositions *relevant to any possible issue that may arise* upon a denial of the allegations of the complaint or upon the allegation of new matter in the answer.'' See, also, *Kibele* v. *Superior Court,* 17 Cal. App. 720 [121 Pac. 412], upholding the right to take a deposition before issue joined by answer, and *California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732 [91 Pac. 593], where it is said: ''There is no provision or rule of law to the effect that a deposition may not be taken before an issue of fact has been raised.''

In the instant case, it is clear that the question of an accounting is raised as a potential, if not an actual, issue of fact, and such being the case, it is evident, upon the authority of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* that section 2021 of the Code of Civil Procedure is broad enough in its express terms to include the case now before us, and to confer upon the superior court the right to compel petitioner to answer questions pertinent and material to the *possible* issue of an accounting, which, under the pleadings, at least *may* arise. Whether the issue of an accounting may

or may not come to be tried is not determinative, but the real question is whether the questions asked would be material to issues raised by an accounting in the event such issues *might* come before the trial court under the issues as framed by the pleadings.

The alternative writ heretofore issued is discharged, and the peremptory writ prayed for is denied.

York, P. J., and Doran, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1938.