[Civ. No. 2723.   Fourth Appellate District.—November 6, 1940.]

ST. CLAIR ESTATE COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Hanna & Morton and Borton, Petrini, Conron & Borton for Petitioners.

Warren E. Libby and Osborn, Burum & Shortridge for Respondents.

GRIFFIN, J.—The St. Clair Estate Company, hereinafter referred to as the company, is a corporation organized under the laws of California, and petitioners L. P. St. Clair, L. W. Lowell, C. S. Curran, E. S. St. Clair and F. C. St. Clair are directors of the corporation. On December 28, 1938, the stockholders of the company, by vote in excess of 50 per cent thereof, adopted a resolution to voluntarily dissolve and wind up the affairs of the corporation under section 403 of the Civil Code. The Security First National Bank of Los Angeles, as trustee for Cora M. St. Clair and Leonard St. Clair, was the holder of stock in the corporation to the extent of 25 per cent of the outstanding shares thereof. On January 10, 1939, the above-named parties filed in the Superior Court of Kern County a petition for court supervision of the proceedings for the winding up of the affairs of the company. The court fixed January 20, 1939, as the time for hearing the proceedings and ordered notice to be given to the company, the shareholders and creditors thereof. Notice was duly served. On February 3, 1939, the date to which the hearing was continued, counsel for petitioners therein personally appeared without filing any written answer or written objections, but did argue certain demurrers. The minutes of the court, dated February 7, 1939, show that petitioners herein appeared through their counsel and made certain objections to the proceedings. Thereafter the court made an order as of February 6, 1939, reciting that "F. E. Borton, Esq., appearing for Borton, Petrini, Conron & Borton, and Andrews. Blanche & Kline, attorneys for St. Clair Estate Company . . . and hearing herein having been regularly had upon said petition" it was ordered that winding up of the affairs of the company be supervised and that the company and its officers

refrain from distributing or removing any of its assets or altering or destroying its books of accounts. On February 15, 1939, the petitioners in the dissolution proceeding petitioned the court to appoint a separate auditor to make a full and complete audit of the company's affairs and report the same to that court. On April 25, 1939, the petition was opposed by the company, and after both oral and documentary evidence was introduced the court appointed a separate auditor. On March 25, 1940, the auditor filed a partial report which showed many facts indicating that the published report of the company received in evidence and considered at the first hearing was not only incomplete but showed certain transactions and questions of fact which were, at least, deserving of explanation by the company before the court could properly determine the true condition of the affairs of the corporation.

Upon petition to extend the scope of the audit and upon request of the auditor for more information, by a proper showing, the court, over opposition of the company, ordered additional extension of the scope of the audit. On May 21, 1940, the petitioners therein applied to the superior court for an order directing the individual directors of the company to produce their individual reports, books, etc., in court for examination by the auditor. After considering the request and the opposition of the parties, the petition was denied. On June 26, 1940, petitioners therein filed a notice of intention to take the deposition of F. C. St. Clair, director, secretary and treasurer of the company, under the provisions of section 2055 of the Code of Civil Procedure, before a notary public in Kern County on July 2, 1940. The witness appeared personally before the notary public, as directed, with counsel and was duly sworn. Petitioners therein undertook to ascertain from the witness the information of fact requested in the auditor's reports, in order that the auditor might file a complete certified audit and report therein as contemplated by the orders of the court. On advice of counsel for the company, the witness refused to answer questions or to give any testimony upon the ground that there had been no foundation laid under the provisions of section 2021 or 2055 of the Code of Civil Procedure or any other section of the code, and that there was no issue of fact raised in any pending proceedings upon which the deposition could be taken and that

there was no showing that F. C. St. Clair was a party to the proceeding, whose deposition could be taken pursuant to any proceeding pending in the matter of the dissolution of the company.

Continuance of the matter was taken, by stipulation. Upon affidavit showing these facts and events the trial court on July 8, 1940, issued an order directed to the witness requiring him to appear and show cause if any he had why he should not be directed to answer questions upon the taking of his deposition. On July 16, 1940, that order came on regularly for hearing in the superior court before Judge H. S. Gans, and upon the conclusion of the hearing the judge announced that he would enter an order requiring the witness to give his deposition and to answer the questions to be propounded upon the taking of the deposition. On July 24, 1940, the judge signed an order that the witness appear before the notary public and that he answer certain specified questions and that he further answer other pertinent questions propounded to him and give his deposition before the notary public, and in default thereof that he be held subject to the punitive powers of the court.

The petitioners herein allege that it is the intent and purpose of the superior court to enforce compliance with the terms of its order and in the event that the witness refuses or declines to have the deposition taken, to punish him for contempt of court for such refusal or declination. They further allege that they have no right of appeal from the action of said court and no plain, speedy or adequate remedy at law.

Section 2021 of the Code of Civil Procedure provides: ''The testimony of a witness in this state may be taken by deposition in an action at any time after the service of summons or the appearance of the defendant, and in a *special proceeding after a question of fact has arisen therein* . . . (1) When the witness is a party to the action or proceeding or an officer, member, agent, or employee of a corporation . . . ''

That the proceeding is a special proceeding is not questioned. (Sec. 1063, Code Civ. Proc., et seq.; former sections 1227 to 1235, Code Civ. Proc.; *Bixler's Appeal,* 59 Cal. 550, 555; *In Re Herman,* 183 Cal. 153, 156 [191 Pac. 934].)

First, it is argued and the point is raised by demurrer that a writ of review of either the order directing the witness to give his deposition or the order appointing the auditor is

not available to petitioners herein at this time for the reason that the issuance of the order did not go to the question of the excessive jurisdiction of the tribunal issuing the order, which is required before a writ of *certiorari* may be granted but is, if anything, an error of law or of fact within the jurisdiction of the court below, and therefore not reviewable in this proceeding, citing 4 Cal. Jur., p. 1022, sec. 4; 4 Cal. Jur., p. 1041, sec. 16; *Howe* v. *Superior Court,* 96 Cal. App. 769 [274 Pac. 992]; *Marblehead Land Co.* v. *Superior Court,* 60 Cal. App. 644 [213 Pac. 718]; and *Bryant* v. *Superior Court,* 16 Cal. App. (2d) 556, 564 [61 Pac. (2d) 483], and that a writ of prohibition to prevent the taking of the deposition was a proper remedy, if any, rather than a writ of review, citing *Most* v. *Superior Court,* 25 Cal. App. (2d) 394 [77 Pac. (2d) 532]; *Kibele* v. *Superior Court,* 17 Cal. App. 720, 722 [121 Pac. 412].

The contention that a writ should not issue at this stage of the proceedings seems to be supported in the late case of *C. S. Smith Metropolitan Market Co.* v. *Superior Court,* reported in 16 Cal. (2d) 226 [105 Pac. (2d) 587], and might justify such a disposal of this proceeding. In that case petitioner sought, by writ of prohibition, to prevent the court from enforcing a similar order. In discharging the writ the court said:

"The function of the writ of prohibition is to provide a remedy when rigidity of the ordinary procedure fails to protect a litigant from the wrongful exercise of jurisdiction by a court. (Sec. 1103, Code Civ. Proc.) But the mere showing that an inferior court is about to do an act beyond the scope of its powers is not enough to justify the issuance of the writ. In other words, the writ may not be used to restrain the commission of error or to regulate or control procedure. Many orders which are made during the progress of a case depend for their validity upon the jurisdiction of the court, but, ordinarily, prohibition may not be invoked to challenge such rulings. If that were allowed, the trial of an ordinary civil action would be constantly interrupted by attacks upon procedural orders which are properly reviewable upon appeal. (Citing cases.)

"These basic principles have been applied in cases where it is claimed that one must either comply with an order, which it is asserted the trial court had no jurisdiction to make, or

be subjected to the penalties for contempt of court. In such cases, it has been repeatedly held that prohibition will not be granted upon the ground that the trial court has erred in making the order upon which the charge of contempt is, or may be, based. The remedy of the one against whom such an order is directed is to present his defense upon the hearing of the contempt proceeding, and then, if found guilty, to apply for a writ of *certiorari* or *habeas corpus.* (Citing cases.) ''

However, to preclude a further application for a similar writ, we deem it advisable to discuss the main question presented, which resolves itself into this: In the special proceeding, at the time the deposition was sought to be taken, had a *question of fact arisen* therein, within the meaning of section 2021 of the Code of Civil Procedure? In support of the contention of petitioners herein that an issue of fact had not arisen, *Waller* v. *Weston,* 125 Cal. 201, 204 [57 Pac. 892]; *In re Principal,* 101 Cal. App. 669, 671 [282 Pac. 26]; *Hoag* v. *Howard,* 55 Cal. 564, 565; *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30, 34 [99 Pac. 359, 17 Ann. Cas. 933]; *Whann* v. *Doell,* 192 Cal. 680, 684 [221 Pac. 899]; sec. 2103, Code Civ. Proc.; *Kibele* v. *Superior Court, supra*; *Rossbach* v. *Superior Court,* 43 Cal. App. 729 [185 Pac. 879]; *Most* v. *Superior Court, supra*; and 18 C. J., p. 633, sec. 69, are cited.

Petitioners herein argue that the term ''after a question of fact has arisen therein'' means after an issue of fact has been raised in the proceeding and that an *issue of fact* can only be raised by one party's denial of or exception to the averment or statement of another and that since petitioners herein had not filed any written answer or written denial at the time the deposition was sought, no question of fact arose therein.

Respondents herein argue (1) that a question of fact arises in a special proceeding whenever a court is required to determine the truth of an averment as a condition to granting relief, for the reason that in every special proceeding the jurisdictional facts, at least, must be proved, and that the question whether the jurisdictional allegations are true clearly arises at the very moment the court is called upon to hear and determine that question of fact; (2) that a question of fact has been raised and it has been and is raised by the above proceedings had at the time of the hearing and by subsequent proceedings,

although specific pleadings are not necessary; (3) that the petition, requesting the court to appoint a certified public accountant to make a complete audit, after petitioners herein introduced in evidence at the original hearing a purported statement of the affairs of the company, also alleges that the purported statement so received in evidence was not prepared from an audit of the affairs of the company, but was prepared merely from an examination of its books, and that it did not contain a full, true and accurate statement of the affairs of the corporation and that the petitioners herein proposed and intended to proceed with the liquidation of the affairs of the company upon the basis of such statement, and that thereby a question of fact arose therein and that the court was not bound to accept such statement as a basis for winding up the affairs of the company; (4) that an actual set of pleadings, to raise a question of fact in such a special proceeding, is not required under section 2021 of the Code of Civil Procedure or by statute, citing *California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732 [91 Pac. 593]; *Most* v. *Superior Court, supra*; and *San Francisco Gas & Electric Co.* v. *Superior Court, supra*; (5) that it is the potential question of fact, and not necessarily the actual pleadings setting forth facts, which is to be considered, and that the pleadings seeking a true and correct accounting and the order given in pursuance thereto clearly raise a question of fact; (6) that the power to procure testimony by means of depositions is inherent in courts of equity, such power having been borrowed from the Civil Law, citing 18 C. J., p. 607, secs. 3, 4 and 5; and that independent of any authority conferred by statute, the court has power in every cause and proceeding pending before it, where it is necessary in order to obtain the truth of the matters in dispute, to have the evidence of witnesses taken by deposition. (*Una* v. *Dodd,* 38 N. J. Eq. 460, 463.) It is therefore claimed in the instant case that the court is merely aiding its officers in ascertaining "the matters in dispute", that is, the audit, and that it has power so to do. Respondents herein insist that each and every requirement of the language of section 2021 of the Code of Civil Procedure has been complied with in that (a) it is squarely shown that a question of fact has arisen; (b) that the witness is a party to the proceeding in that he is one of the trustee directors of the corporation being dissolved and necessarily is one of the individuals who must account to the

court for the assets entitled to be distributed by the corporation to its stockholders; (c) that the witness is an officer, to wit, a director and the secretary and treasurer of the corporation; and (d) that the testimony is required upon a motion as referred to in the notice of intention to take the deposition and in the affidavit in support thereof; (7) that the court was empowered to appoint an auditor under section 403 of the Civil Code and section 639 of the Code of Civil Procedure, and that the legal qualifications of the auditor as to residence cannot be raised at this time under these proceedings; and (8) that by failing to object to the order appointing the auditor for fifteen months before the writ herein was asked, when money was expended on the cost of the audit in reliance upon the order, the bar of laches is available to respondents herein, citing *Bryant* v. *Superior Court, supra*; and 4 Cal. Jur., p. 1062, sec. 32.

It seems clear to us that the writ must be denied not only for the reason first stated but for the reason advanced by respondents herein that a *question of fact* in the special proceeding arose within the meaning of section 2021 of the Code of Civil Procedure before the deposition of the witness was sought to be taken.

In *Kibele* v. *Superior Court, supra,* in construing section 2065 of the Code of Civil Procedure, it was held that the words ''a witness must answer questions legal and pertinent to the matter in issue'' are not to be construed narrowly as applying solely to allegations of the complaint which are denied by an answer, and it was further stated that such construction would not only nullify the plain provisions of section 2021 of the same code, but would likewise destroy the right given by the statute for the perpetuation of testimony and that the matter of the complaint is a matter to be litigated, and for that purpose its allegations are deemed denied.

When the trial court took jurisdiction of the proceedings, at which hearing the petitioners herein appeared by counsel and made certain objections, and the court proceeded to determine whether the affairs of the corporation should be wound up and a copy of the purported statement of the company's affairs was received in evidence and which petitioners therein claimed to be incomplete, untrue and inaccurate, it is apparent that *a question of fact* immediately arose for the determination of the court. Otherwise the court would have been bound

to distribute the assets in accordance with what is claimed to be the incomplete, untrue, and inaccurate report prepared by petitioners herein, without a proper determination of the true facts. If, as respondents herein contend, no question of fact arose at the hearing because no written answer or written objection was filed thereto, conversely it must be true that they were in default. ▮ If they were in default at the time the deposition was sought to be taken, then section 2023 of the Code of Civil Procedure clearly applies and fully authorized the taking of a deposition. It reads in part: " . . . If, in a special proceeding, some or all of the parties interested have not appeared, the court may authorize a deposition to be taken without the service of any affidavit upon, or the giving of any notice to, the party so in default or not appearing, or may provide that notice be given to him in such mode as to the court may seem proper".

For the reasons expressed it is unnecessary to determine the other points presented.

The writ heretofore issued is discharged.

Barnard, P. J., and Marks, J., concurred.