[Civ. No. 13974. First Dist., Div. Two. Nov. 16, 1948.]

PAUL VERDIER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

528

Morgan J. Doyle and J. Jos. Sullivan for Petitioner.

Dunne & Dunne for Respondents.

NOURSE, P. J.—This is a petition for a writ of prohibition to prevent respondents from proceeding further under two orders, the one directing petitioner under penalty of contempt of court to answer all questions put to him on the taking of a deposition in an action for an accounting instituted against him by Alexandrine Verdier, his wife, the other directing the taking of the deposition of the witness Verna Osborne in the same cause. The action for an accounting related to the rentals received by petitioner since July 22, 1938, from a certain real property at Vallejo and Taylor Streets in San Francisco alleged to be owned by plaintiff and defendant in joint tenancy. The taking of petitioner's deposition took place after the service of summons but before answer was filed. When, after introductory questions about his name, petitioner was asked when he acquired the property in question, petitioner's attorney made a statement to the effect that petitioner admitted that the parties since July 22, 1938, have been and they were coowners in joint tenancy of the property, that petitioner had leased the premises, received the rentals and had not paid any part of them to plaintiff and that he denied that plaintiff was entitled to any accounting. He further took the position that questions beyond the admissions made would go into the accounting itself, the prayer of the complaint, and instructed petitioner to answer no further questions until so instructed by the court. Accordingly petitioner did not answer any of the further questions asked. Later in his amended answer and cross-complaint petitioner's allegations were to the effect that although the property on July 22, 1938, was placed in the name of the parties as joint tenants it was community property acquired during marriage without any separate contribution of plaintiff and that the transfer made was not intended to change the holding from community property to joint tenancy, but was made for a stated purpose of convenience. Petitioner

claimed to be entitled to the exclusive management and control of said community property. A·deed of July 22, 1938, in which P. Verdier and wife granted the property to P. Verdier and wife as joint tenants was appended to the answer. After report of the refusal to answer and hearing in accordance with section 1991 Code of Civil Procedure the court ordered petitioner to answer all the questions put to him.

After petitioner's refusal to answer, a subpoena also issued to take the deposition of Verna Osborne, the then lessee of the property, based on an affidavit of plaintiff's attorney, in which it was stated in substance that said witness was the only one who could establish material facts with respect to her lease and that petitioner refused to answer such questions. Petitioner moved to quash the subpoena on the ground that the lessee was not the only witness who could establish the facts as to the lease as both petitioner and his secretary were also able to do so. The motion was denied and the taking of the deposition of lessee ordered. In their return respondents admit that unless restrained they intend to compel both petitioner and Verna Osborne to comply with the orders and that refusal will be considered a contempt of the court.

## The Order as to Petitioner

The petitioner contends that the order directing him to answer all questions, including those which go into the matter of the accounting proper, grants plaintiff the relief she seeks without any proof that she is entitled to it and exceeds the jurisdiction of the court as, in substance, it grants summary relief outside the scope of section 437c, Code of Civil Procedure. The contention is without merit. ■ An action for an accounting, as instituted herein, is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice (1 Cal.Jur. 167-169; 1 C. J. S. 662). Plaintiff's complaint expressly prays judgment "that defendant pay over to plaintiff all such monies as may be found to belong to plaintiff and for such other, further and different relief as, the premises considered, is proper." ■ The taking of a deposition is only a provisional measure intended to secure the evidence by which the justice of a litigant's claim or defense may be established (*San Francisco Gas & Electric Co.* v. *Superior Court*, 155 Cal. 30, 35 [99 P.' 359, 17 Ann. Cas. 933]). It in no way disposes of the action

itself or grants any of the final relief prayed for and therefore has no resemblance whatever to the summary judgment under section 437c, Code of Civil Procedure.

There can be no doubt that the court in this case had jurisdiction to order petitioner to answer all questions put to him including those pertinent to the accounting itself. Section 2021, Code of Civil Procedure, provides that in certain enumerated cases among which "1. When the witness is a party to the action," the deposition of a witness in the state may be taken "in an action at any time after the service of the summons or the appearance of the defendant." It has been derived from these words that it is not requisite for a deposition to be relevant to an actual issue in the action, but that it is sufficient that it is pertinent to a potential issue (*San Francisco Gas & Electric Co.* v. *Superior Court, supra,* at page 34; *McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 395 [159 P.2d 944]). With respect to the exact point here presented *Most* v. *Superior Court,* 25 Cal.App.2d 394, 398 [77 P.2d 532] states:

"In the instant case, it is clear that the question of an accounting is raised as a potential, if not an actual, issue of fact, and such being the case, it is evident, upon the authority of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* that section 2021 of the Code of Civil Procedure is broad enough in its express terms to include the case now before us, and to confer upon the superior court the right to compel petitioner to answer questions pertinent and material to the *possible* issue of an accounting, which, under the pleadings, at least *may* arise."

Our holding that the court below had jurisdiction to make the order with respect to petitioner's deposition is decisive against granting of a writ of prohibition as to that order (Code Civ. Proc., § 1102; *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 463 [171 P.2d 8].) Nevertheless we would have authority to grant other appropriate relief if the facts before us showed the necessity of our intervention. (*Caminetti* v. *Superior Court,* 16 Cal.2d 838, 848 [108 P.2d 911]; *Board of Trustees* v. *State Board of Equalization,* 1 Cal.2d 784, 787 [37 P.2d 84, 96 A.L.R. 775]), for instance if the making of the order constituted an abuse of discretion requiring relief (*Hays* v. *Superior Court,* 16 Cal.2d 260, 262 [105 P.2d 975]). In *Patrick Farms Inc.* v. *Superior Court,.* 13 Cal.App.2d 424 [56 P.2d 1283], this court held that although in general a litigant is entitled to take a deposition in the

cases provided for as a matter of right, the trial court could under certain circumstances defer the issuance of a commission to take a deposition until the question of plaintiff's right to an accounting had first been determined. Possibly there might be circumstances under which the refusal to defer the taking of a deposition until such time might constitute an abuse of discretion. ■ The present case certainly does not present such circumstances. Petitioner's admissions at the taking of his deposition and the deed produced constitute at least a prima facie case for the plaintiff's right to an accounting and even if petitioner should be able to prove that the property in question had remained community property, the worst prejudice which petitioner could suffer would be that he gave the plaintiff, his wife, certain information with respect to their common property to which, in the absence of this litigation, she may not have been entitled. Plaintiff's right to secure evidence may well be considered of greater importance.

### The Order With Respect to Verna Osborne

■ The deposition of a witness, who is not a party to the action can only be taken in certain cases enumerated in section 2021, subsection 2 et seq., Code of Civil Procedure. ■ The affidavit on which the subpoena of the witness Verna Osborne was issued tried to bring the case within section 2021, subsection 6 "When the witness is the only one who can establish facts or a fact material to the issue." In that respect the affidavit stated: "That said Verna Osborne is a necessary and material witness for the plaintiff and is the only one who can establish the terms and conditions and the nature of the lease under which said Verna Osborne, and/or San Francisco Academy of Music, occupies said premises, and the rentals heretofore paid by said Verna Osborne and/or San Francisco Academy of Music to said defendant herein, and other facts necessary and material to the issues in the above entitled action." It further stated in substance that petitioner had refused to answer questions as to these points, there mentioned in some detail. Petitioner moved to quash the subpoena on the grounds, among others, that the affidavit upon which said subpoena was issued was insufficient in law to authorize the issuance; that plaintiff herself had shown by affidavits in these proceedings that petitioner is a person who can establish the same facts; that the case does not come under section 2021, subsection 6, Code of Civil Procedure, as there

are other persons who can establish all the same facts. The notice contains the statement that the motion will be based among other things upon two affidavits served with the notice. These affidavits showed in part, that petitioner and his private secretary Gladys Lehning, both residents of San Francisco could establish the same facts sought to be established by Verna Osborne; that Gladys Lehning had kept all the books and records with relation to the property, the income derived therefrom, and the costs and expenses incident thereto since prior to 1938. These affidavits were filed and discussed before the court but otherwise not expressly introduced in evidence. Plaintiff did not introduce further evidence of any kind to support her contention that Verna Osborne was the only witness who could establish the facts mentioned. Nevertheless, the court denied the motion to quash and ordered the deposition of the witness taken.

Respondents contend that even if the ruling were erroneous it was not in excess of jurisdiction and that therefore prohibition does not lie. *Nelson* v. *Superior Court*, 9 Cal.2d 729 [73 P.2d 232], cited by petitioner, in which case the writ was granted, and which case respondents do not try to distinguish, is decisive authority against this contention. (See also *Blache* v. *Superior Court*, 35 Cal.App.2d 740, 741 [96 P.2d 970].)

Respondents further contend that even if Verna Osborne could oppose the taking of her deposition petitioner has no standing to do so, but must await introduction of the deposition in evidence. We do not agree. Section 2031, Code of Civil Procedure requires service of notice on the adverse party not only of time and place of the taking of a deposition of a witness within the state, but also of a copy of an affidavit, showing that the case is within section 2021, Code of Civil Procedure. The notice of place and time is "for the purpose of enabling him to attend and cross-examine." (Code Civ. Proc., § 2004.) The service of the affidavit is clearly for the purpose of enabling him to oppose the taking of the deposition if it is not shown to be within section 2021. There is no reason why the adverse party in such case should have to go to the trouble and costs of attendance and cross-examination by attorney.

As to the merits of the right to take Verna Osborne's deposition respondents contend that there was no evidence whatever as to other possible witnesses except Verna Osborne before the court, as the affidavits of petitioner were not formally introduced in evidence. We do not see that in a

procedure on a noticed motion where the affidavits are referred to in, and filed and served with, the notice of motion, any further formal introduction is required. They are just as much before the court as the notice of motion itself. *Glasser* v. *United States,* 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680], the only authority cited by respondents for their contention, is not in point, as it was there held (at p. 87) that in that federal criminal case affidavits, though introduced, were not acceptable as proof.

However, respondents argue that, even if petitioner's affidavits were before the court, there were before the court conflicting affidavits and those in favor of the prevailing party must then be taken as true. The affidavit of plaintiff's attorney to the effect that the lessee was the only witness who could establish facts as to the lease was insufficient to create a material conflict with the detailed factual affidavit of petitioner and could not be considered a sufficient basis for an order to take a deposition under section 2021, subsection 6, Code of Civil Procedure, as against the opposing affidavits. In *Nelson* v. *Superior Court, supra,* 9 Cal.2d 731, the Supreme Court points out the distinction between the showing of a fact by affidavit and the mere stating of it, the distinction between stating a conclusion in the language of the statute and stating the evidentiary facts which prove it, an affidavit containing a mere conclusion without evidentiary facts being insufficient (*Hennessy* v. *Hall,* 14 Cal.App. 759, 763 [113 P. 350]; *Tilton* v. *Russek,* 171 Cal. 731, 736 [154 P. 860]). It is doubtful whether under the rule stated in the Nelson case the mere statement of the conclusion in the affidavit of plaintiff's attorney, even if standing alone, was sufficient to make the showing required by section 2031, Code of Civil Procedure; when opposed by the factual showing of petitioner that both he, as lessor, and Gladys Lehning as the bookkeeper of the property could establish the facts sought to be established by Verna Osborne, this statement of a conclusion alone without any further evidentiary facts to negative the attested knowledge of lessor and his bookkeeper, was insufficient to create a material conflict. Respondents now mention several specific facts which might be within the knowledge of lessee and not within the knowledge of lessor or his bookkeeper. However, the affidavit of plaintiff did not make any showing that the deposition of Verna Osborne was intended to establish such specific facts not within the knowledge of petitioner but rather that it was intended to establish the same facts

which plaintiff had wished to establish by the deposition of petitioner but as to which petitioner had refused to answer, a circumstance expressly stated in the affidavit. On the basis of the evidence which was before the court below we must hold that not only Verna Osborne but also petitioner and Gladys Lehning could establish the facts intended to be established by said Verna Osborne.

 Respondents argue that the circumstance that the adverse party could establish the same facts as the witness whose deposition is sought to be taken under section 2021, subsection 6, should not prevent the taking of a deposition under that subsection. It is conceivable that a liberal construction of the subsection, taking into consideration the purpose for which the provision was made, may lead to such result (compare the method of interpretation used in *Golden State Co.* v. *Superior Court*, 25 Cal.App.2d 176 [76 P.2d 728]). However, we need not decide this point here. In this case the adverse party is not the only witness who can establish the same facts as Verna Osborne and the fact that Gladys Lehning must be held to be also able to establish the facts desired, prevents the application of section 2021, subsection 6, Code of Civil Procedure. Respondents argue that each witness' version as to a fact is different from any other witness' version, and that the deposition of each witness can be taken as he or she is the only witness who can testify as to that version. This interpretation of section 2021 is unacceptable. It does not only eliminate from subsection 6 the word "only," but makes also subsections 2, 3 and 4 superfluous, as in all these cases the deposition of every witness could be taken as of the sole witness to his version of any fact. This is not the system of our statute. Section 2021 permits the taking of depositions of parties or their agents in all cases but restricts the taking of depositions of witnesses not parties to the action to specific cases. The distinction is based on a difference of purpose. The taking of the deposition of a party is always permitted to gather information before trial as to the party's theory of the case and the evidence available for it. The deposition of a witness not a party to the action can only be taken during the pendency of an action to preserve it in cases where the circumstances present a special danger that otherwise his testimony cannot be brought before the court. One of such special circumstances is the one mentioned in subsection 6 where the fact that the witness is the sole one who can establish a certain fact aggravates the danger of loss of proof. The

application of the subsection should be restricted to cases where a special relation of the witness to the facts or a material fact gives him unique knowledge. This is not the case where, as here, two possible witnesses are in an equal position in that respect. Then the deposition of neither can be taken, because, if one should not be available at the trial, the other remains.

As to the order relating to petitioner's duty to answer questions the petition for a writ of prohibition is denied and the alternative writ discharged; with respect to the order as to the taking of the deposition of the witness Verna Osborne let the peremptory writ of prohibition issue as prayed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 16, 1948, and petitioner's application for a hearing by the Supreme Court was denied January 13, 1949.