## MOORE v. OTTO GAS ENGINE WORKS.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. SALES (§ 420*)—ERECTION OF MACHINE SOLD—QUESTION FOR JURY.

In an action for negligence in installing a pumping engine sold to plaintiff, whether the contract only called upon defendant to erect an engine which would run properly as an independent piece of machinery, and whether defendant assumed any responsibility for the effect of such operation upon other portions of the pumping machinery, was for the jury.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 420.*]

2. SALES (§ 420*)—ERECTION OF MACHINERY—PROXIMATE CAUSE OF INJURY—QUESTION FOR JURY.

In an action for negligence in installing a pumping engine sold to plaintiff, whether the faulty erection of the engine, pump jack, and accessories thereto was the proximate cause of the injury complained of held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 420.*]

3. SALES (§ 166*)—ERECTION OF MACHINERY—"SUCCESSFUL" OPERATION.

Where a contract provided that the defendant was to sell a pumping engine and a pump jack, and to erect the "machine," and plaintiff was to pay when the machine was "in successful operation," defendant's contract was not complete until that result had been brought about, and that only is "successful" which terminates in the accomplishment of what is wished or intended; hence the engine was not being "successfully operated" where it caused the pump to make a certain number of strokes per minute, without regard to the effect thereof to damage connections with the well.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 166.*

For other definitions, see Words and Phrases, vol. 7, p. 6745.]

4. SALES (§ 181*)—ERECTION OF MACHINERY SOLD—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for negligence in installing a pumping engine sold to plaintiff, where defendant contracted to erect the machine, the engine to be paid for when it was in "successful operation," evidence held to show that the engine did not operate successfully.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 181.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Suffolk County.

Action by Michael E. Moore against the Otto Gas Engine Works. From an order setting aside a verdict for plaintiff and dismissing the complaint, with judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Rowland Miles, for appellant.

J. Woolsey Shepard (Woolsey A. Shepard, on the brief), for respondent.

BURR, J. At the close of the entire evidence defendant moved to dismiss the complaint. Decision upon such motion was reserved, and the case was submitted to the jury, which found a verdict in favor of the plaintiff. Thereafter the learned justice who presided at the trial set such verdict aside and granted the motion to dismiss, and from such order and the judgment entered thereon this appeal is taken.

The ground of the action was negligence of the defendant in connection with the performance of certain work which it undertook for the plaintiff. In April, 1908, plaintiff was the owner of a hotel at St. James, which was supplied with water from a driven well. The engine which operated the pump had broken down, and there is evidence from which the jury were justified in finding that plaintiff called upon the defendant, had a conversation with its manager, explained to him about the old engine and the circumstances of the well, and that he replied:

"I understand what you require, and we will sell you an engine to operate that well for so much money, and take the old engine back."

Thereupon a written contract was entered into, the material parts of which are as follows:

"New York, April 20, 1908.

"The Otto Gas Engine Works, Philadelphia, will please forward to the undersigned, at St. James, L. I., New York, via L. I. R. R., at once from this date, or as soon as possible, delivering on cars in New York, one No. 21 Otto gasoline engine, of 3½ actual horse power, without cast iron base, and Fig. 514 pump jack, in consideration of which the undersigned agrees to pay the sum of two hundred 00/100 dollars.

"Terms: Less Freight. Cash when engine is in successful operation. Price includes one trip of man to erect machine. Otto Engine No. 11696, Outfit 1, to be returned f. o. b. St. James, in addition to above cash payment."

Subsequently defendant shipped to the plaintiff an engine and pump jack and sent a man to erect it. Upon sufficient evidence the jury found that the mechanism was improperly assembled, that pulleys of too large a size and of improper proportion were employed, in consequence of which the pump jack ran at so high a rate of speed that within a few hours the pump rod in the cylinder was twisted and broken, and that in consequence of this no water whatever could be drawn from the well, and plaintiff was put to large expense in repairing the damage.

Defendant contends, first, that all that the contract called upon it to do was to erect an engine which would run properly as an independent

piece of machinery, and that it assumed no responsibility for the effect of such operation upon other portions of the pumping machinery; and, second, that there was not sufficient evidence that the faulty erection of the engine, pump jack, and accessories thereto was the proximate cause of the injury complained of. In granting the motion for the nonsuit, the learned trial justice so held.

In our opinion both of these questions were for the jury to determine. By the express provisions of the written contract defendant not only sold an engine and a pump jack, but agreed to erect the "machine." Plaintiff was called upon to pay only when the machine was "in successful operation." It follows, therefore, that defendant's contract was not complete until that result had been brought about. It is too refined a construction of language to contend that the engine "successfully operated" when it caused the pump to make a certain number of strokes per minute, without regard to the effect thereof. The agreement was, not only that the engine should operate, but that it should successfully operate. That only can be said to be successful which "terminates in the accomplishment of what is wished or intended." Century Dictionary, tit. "Successful." What plaintiff wished was to draw water from his well, and what defendant intended was to furnish and set up a machine, consisting of engine and pump jack, which, if the other parts of the mechanism were in good order, should produce that result, or, as defendant's agent expressed it, "operate that well."

The practical construction put upon the contract by the defendant supports this contention; for, after complaint was made by the plaintiff that the engine ran so fast that the pump rod stuck in the cylinder and stopped the well from working, it sent a man to plaintiff's premises to try to reduce the speed of the engine, by putting smaller pulleys on the engine and larger ones on the jack. There was abundant evidence upon which the jury could find that the excessive speed at which the engine operated produced the injury complained of. There was no evidence of any defect in any other part of the pumping machinery prior to the time when defendant set up the engine and pump jack and started the machine in operation. The pump rod had operated properly before, and it operated properly when the engine first started, and continued to do so for several hours. The pump rod, when taken out, was found to be bent and strained. There was evidence that the proper number of strokes per minute for pumps in wells similar to that of plaintiff was 25 to 45 per minute, while under defendant's arrangement it was made to operate at the rate of 150 strokes per minute. Finally, there was evidence that after the broken pump rod was removed, and a new one put in, and the speed of the engine reduced to about 35 strokes per minute, the pump once more operated successfully.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the plaintiff and appellant. All concur.