[Cov. No. 9787.   First Appellate District, Division One.—May 21, 1936.]

J. B. WINGER, Respondent, v. HERMAN ELMORE, Appellant.

Hamilton Wright for Appellant.

Clark & Heafey and James W. Hughes for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover damages for injuries sustained in a collision between his automobile and one driven by defendant, alleging that the collision was proximately caused by the defendant's negligence. Defendant, answering, denied he was negligent, and interposed a cross-complaint alleging that the collision was proximately caused by the negligence of plaintiff. The trial took place before a jury, which decided in effect that the accident was due to the concurrent negligence of both parties, and that therefore neither was entitled to damages. Judgment was entered accordingly, and defendant appeals from that portion thereof denying him relief, urging as first ground for reversal insufficiency of the evidence to justify the implied finding of the jury that he was negligent, and that his neg-

ligence proximately contributed to the happening of the accident. There is no merit in the point.

The accident happened during the month of June, about 7 o'clock in the evening, on the main highway between Livermore and Hayward, known as the Dublin Canyon highway, where it is intersected but not crossed by a side road known as Santa Rita Road. Plaintiff was traveling easterly along said main highway and defendant was driving northerly along the Santa Rita Road. The collision occurred within the intersection, as defendant was making a left turn therein. Along and upon the Santa Rita Road near the junction thereof with the main highway there are four separate warnings of the presence of the intersection. The first is a ''Cross Road'' sign attached to a post on the easterly side of the Santa Rita Road. A little nearer the intersection there is another sign upon and across the easterly side of the road displaying the word ''Slow'' in large white letters. Still closer to and about ninety feet from the intersection there is a regulation arterial ''Stop'' sign on the easterly side of the road; and fifteen feet from the main highway the word ''Stop'' is painted in large white letters across the Santa Rita Road. Defendant, being a resident in that locality, traveled very frequently over both roads, and was familiar with the traffic conditions at said intersection. He admits that he did not stop at the regulation arterial stop sign along the side of the Santa Rita Road, but claims he did stop at the last stop sign painted in white letters across the road. Testimony was given to the contrary, however, by plaintiff and two other witnesses who stated positively that defendant did not stop at all before entering the main highway; that he drove right on into the intersection directly in the pathway of plaintiff's oncoming car. Therefore, in view of the foregoing conflict in the testimony, so far as the issue of defendant's negligence is concerned, we are bound by the conclusion reached by the jury and by the implied finding of the trial court in denying defendant's motion for new trial.

Defendant further contends, however, that even assuming he did not stop before entering the intersection, his failure so to do was not a proximate cause of the accident. Where, as here, however, the state of the record shows a conflict in the evidence as to the circumstances relating to the happening of the accident, the question of whether the neg-

ligence of one driver or the other or both was the proximate cause of the collision is one of fact to be determined by the jury, and such determination is controlling on appeal. (*Dougherty* v. *Ellingson,* 97 Cal. App. 87 [275 Pac. 546]; *Fishman* v. *Silva,* 116 Cal. App. 1 [2 Pac. (2d) 473]; *Hill* v. *Peres,* 136 Cal. App. 132 [28 Pac. (2d) 946].)

◾ Defendant next complains of the giving of four instructions. In this regard it is contended that instruction XXI was in effect an instruction that defendant was negligent, and that instruction XXX, which embodied the legal principle that one driver has the right to assume that another will obey the law, omitted the qualification that the jury must first find that the driver relying on such assumption was himself exercising due care. It appears, however, that several other instructions were given by the trial court relating to the same subject-matters embraced within the two which defendant criticizes; and when all are considered together it is evident that the jury could not have been misled nor defendant's case in any way prejudiced by the giving of the two instructions complained of. The remaining two about which defendant complains (XXXII and XXXIII) obviously followed the law as declared in the cases of *Bullock* v. *Western Wholesale Drug Co.,* 91 Cal. App. 369 [266 Pac. 978], and *Wise* v. *Stott,* 114 Cal. App. 702 [300 Pac. 883], and therefore were not erroneous.

◾ In his cross-complaint defendant prayed for damages in the sum of $10,000 and during the trial he asked leave to amend so as to raise the amount to $20,000. He now contends that the court erred in denying his application. Manifestly, since the jury and the trial court found that defendant was not entitled to any damages, the amount sought by him becomes an immaterial matter.

◾ Defendant has appealed also from an order made subsequent to judgment, apportioning costs. In this connection the record discloses that following the entry of judgment both parties served and filed cost bills. The items set forth in plaintiff's bill amounted to $46.25 and those in defendant's bill totalled $188.22. Subsequently both parties moved to tax costs, and besides defendant moved to strike out plaintiff's cost bill. On November 27, 1934, and in due course said motions came on regularly for hearing in another department of the court, before the presiding superior judge

of that county, and after arguments were heard an order was regularly entered "that neither party is entitled to costs and neither cost bill is allowed". Thereafter and on December 20, 1934, the motion for new trial came on for hearing before the judge who had heard the case, and at the conclusion of the argument on said motion the judge inquired whether or not it was desired that he should decide the matter of costs, to which counsel replied, after some discussion, that they were willing he should do so; whereupon and on December 24, 1934, said judge caused an order to be entered denying the motion for new trial, and further ordered "that plaintiff's costs be taxed herein in the sum of $27.50 and that defendant's costs be taxed in the sum of $90.71". The appeal which defendant has taken is from the latter order so made on December 24, 1934. But there is nothing in the record to show, nor is it claimed, that the previous order made on November 27, 1934, by the other department of the court, was ever vacated or set aside. It follows, therefore, that since the first order so made on November 27, 1934, became final, any order made thereafter relating to the same motions was without force or effect.

The judgment on the merits is affirmed, and in accordance with the views above expressed as to the invalidity of the order made on December 24, 1934, apportioning the costs, from which the appeal was taken, said order is annulled. Plaintiff will recover his costs on appeal.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 20, 1936.