[Civ. No. 3147. Fourth Dist. May 22, 1944.]

DOMENICO MERLINO et al., Respondents, v. FRESNO MACARONI MANUFACTURING COMPANY (a Corporation) et al., Appellants.

Matt Goldstein and Fred W. Docker for Appellants.

Morgan J. Doyle, Walter M. Gleason and A. Dal Thomson for Respondents.

BARNARD, P. J.—The plaintiffs filed a complaint seeking the involuntary dissolution of the defendant corporation, based upon three of the grounds set forth in subdivision (B) of section 404 of the Civil Code. These grounds are that the holders of shares are so divided into factions that they cannot elect a new board of directors, that there is internal dissension and the two factions are so deadlocked that the business of the corporation cannot be conducted with advantage to its shareholders, and that the liquidation is reasonably necessary for the protection of the rights of the complaining stockholders.

The plaintiffs also secured an order to show cause why a receiver should not be appointed pending a hearing and determination of the dissolution issue. The request for the appointment of a receiver was heard and submitted upon the verified complaint, the verified answer of the individual defendants and an affidavit filed by the defendant Alfonso Borrelli. The court made an order appointing a receiver and the defendants have appealed from that order.

The main contention is that the individual defendants, who own 50 per cent of the stock of the corporate defendant, have elected to purchase the shares of stock owned by the respondents and have thereby brought themselves within the provisions of subdivision (E) of section 404 of the Civil Code, which provide, generally speaking, that under such circumstances the court shall stay the proceeding and shall proceed to fix the value of the plaintiffs' shares in the manner therein provided; that these provisions are mandatory; and that it follows that the court erred in ordering the appointment of a receiver.

The respondents contend that these provisions of section 404 (E) are directory and not mandatory, and that they merely authorize the court to proceed to a valuation of the plaintiffs' shares when it feels that the equities are such as to call for such action. The statute in question reads, in part, as follows:

". . . provided, however, that in any such suit the holders of

50 per cent or more of the outstanding shares of the corporation shall have the right to avoid the appointment of a receiver or of the dissolution of such corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value. If 50 per cent or more of the outstanding shares of the corporation elect to purchase the shares owned by the plaintiffs and are unable to agree with the plaintiffs upon the fair cash value of such shares, and give bond with sufficient security to protect the interests and rights of the plaintiffs and to assure unto the plaintiffs the payment of the value of their shares, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares owned by the plaintiff.'' (Here follows provisions for the manner in which the value of the plaintiffs' shares shall be fixed.)

By the language thus used, the holders of 50 per cent or more of the stock of such a corporation are clearly and definitely given the right to avoid the appointment of a receiver or a dissolution by purchasing the shares owned by the plaintiffs at their fair value. It is then provided that if they elect to purchase such shares, and are unable to agree with the plaintiffs upon the fair value thereof, and give a sufficient bond, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares. We agree with the defendants that these provisions are mandatory and that when the prescribed conditions are met the court must recognize the right thus clearly given and must stay the proceeding and proceed to ascertain and fix the value of the shares owned by the plaintiffs.

We are unable to hold, however, that the individual defendants here met the conditions prescribed by this statute. In their answer, the individual defendants alleged that they were the owners of 50 per cent of the outstanding shares of this corporation; and that they ''have elected and hereby elect and offer'' to purchase the shares owned by the plaintiffs. It is then alleged that if the plaintiffs and these individual defendants ''are unable to agree upon the fair cash value'' of the shares owned by the plaintiffs ''then and in such event'' these defendants request the court to proceed to ascertain and fix the value of such shares, pursuant to the provisions of section 404 of the Civil Code. The prayer is, among other things, that the election and offer by these defendants to purchase the plaintiffs' shares be approved and

confirmed, that "if the plaintiffs and these defendants are unable to agree upon the fair cash value of such shares, then the court proceed to ascertain and fix" the same in the manner provided by section 404, and that the plaintiffs be paid the fair cash value of their shares "either as agreed upon between the plaintiffs and these defendants, or as ascertained and fixed by the court." In his affidavit, the defendant Alfonso Borrelli alleges that he and his wife have offered and elected to purchase the plaintiffs' shares "as appears from my answer" and that "if we are unable to agree with the plaintiffs upon such fair cash value, I shall ask that the court appoint three commissioners and fix the value of said stock." He then stated that he was willing to deposit with the court a sufficient bond to protect the interests of the plaintiffs and assure to them payment for their shares.

While it appears from the affidavit and the answer filed on behalf of the individual defendants that they desired and were then offering to purchase the shares owned by the plaintiffs it in no way appears that they "are unable to agree with the plaintiffs upon the fair cash value of such shares." It appears from both of these documents that the individual defendants did not then know whether or not they would be able to agree with the plaintiffs upon the fair cash value of their shares and in both documents it is clearly set forth that "if (they) are unable to agree" upon the fair cash value of such stock these defendants would then ask the court to proceed to fix the value of such shares as provided for in section 404. As the matter was presented and submitted to the court there was no showing whatever that the parties were unable to agree upon a fair cash value of the stock in question. In fact, there was a specific showing that this matter was to be later determined. An element necessary to bring the individual defendants within the provisions of section 404, subdivision (E) was lacking and although the court might have continued the matter and permitted a further showing it was under no obligation to do so and was neither authorized nor required to stay the appointment of a receiver at that time. ■ It may be observed in this connection that the rights and remedies provided by subdivision (E) of section 404 are still available to the individual defendants, upon the taking of proper steps therefor, since

the provisions thereof do not limit the time within which the required steps may be taken.

The only other point requiring consideration is defendants' contention that, irrespective of subdivision (E) of section 404, no sufficient showing was made by the plaintiffs to justify the appointment of a receiver. It is argued that the appointment of a receiver is a drastic remedy and one which will not be sustained in the absence of a clear showing of positive facts indicating great damage to the applicant therefor in the absence of such relief. Subdivision (D) of section 404 provides that the court may appoint a receiver in such an action if it has reasonable grounds to believe that otherwise the interests of the corporation and its shareholders will suffer pending a hearing. Among the grounds upon which a complaint for dissolution may be based, as provided for in subdivision (B) of that section, are: that the holders of the stock are so divided into factions that they cannot elect a board of directors, that there is internal dissension and two or more factions of stockholders are so deadlocked that the business of the corporation can no longer be conducted with advantage to its shareholders, and that the liquidation is reasonably necessary for the protection of the rights of any substantial number of the shareholders. The complaint here alleged that the plaintiffs owned 50 per cent of the stock of this corporation; that the individual defendants owned the other 50 per cent; that the plaintiffs and the individual defendants were, respectively, husbands and wives; that the two families constituted two factions; that the Borrellis, being both on the board of directors, had for more than five years perpetuated themselves in control by the expedient of failing or refusing to call an election; that great internal dissension has existed between the two factions for more than two years with respect to the matter of handling the business of the corporation; that the Merlino faction believes and alleges that the Borrelli faction has not been and is not now handling the affairs of the corporation in a proper and businesslike manner and to the best interest of the corporation and its stockholders; that the two factions, each owning an equal number of shares, cannot agree upon or elect a board of three directors; that the two factions are deadlocked and in disagreement as to how the affairs of the corporation should be conducted; that by reason thereof the business of the cor-

poration can no longer be conducted with advantage to the shareholders; and that unless a receiver is appointed the interest of the corporation and of the Merlino faction will suffer and be damaged pending the hearing and determination of the action. While these matters are denied in the answer and in the affidavit filed by Alfonso Borrelli, and while he alleges that a part of the business handled and controlled by the corporation is being conducted at a profit, the allegations of the affidavit are most general and no attempt therein is made to set forth the actual situation with respect to the affairs of the corporation. While the allegations of the complaint may be largely conclusions they rather closely follow the language used in section 404 of the Civil Code, upon which the action is based. That section seems designed to cover such a situation as that here appearing, the court is therein given considerable discretion with respect to the appointment of a receiver, and it cannot be said from the record before us that this discretion has been abused. (*Boyle* v. *Superior Court*, 176 Cal. 671 [170 P. 1140]; *Misita* v. *Distillers Corp., Ltd.,* 54 Cal.App.2d 244 [128 P.2d 888]; *Koshaba* v. *Koshaba,* 56 Cal.App.2d 302 [132 P.2d 854].)

A further contention advanced by the plaintiffs in a supplemental brief filed after argument not only comes too late but is without merit.

For the reasons given the order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 20, 1944.