[Civ. No. 3501. Fourth Dist. Apr. 22, 1946.]

DOMENICO MERLINO et al., Appellants, v. FRESNO MACARONI MANUFACTURING COMPANY (a Corporation) et al., Respondents.

Morgan J. Doyle, Walter M. Gleason, A. Dal Thomson and William B. Backlund for Appellants.

Matt Goldstein and Frederick W. Docker for Respondents.

GRIFFIN, J.—This action was brought for dissolution of the defendant Fresno Macaroni Manufacturing Company, and for the appointment of a receiver. Alfonso Borrelli and Theresa Borrelli; hereinafter referred to as the defendants, in their answer, after denying the allegations of wrongdoing in

the complaint, served notice of their election to buy the plaintiffs' stock at its fair cash value, pursuant to section 404 subdivision (E) of the Civil Code, either by fixed agreement between the parties or as appraised by three commissioners. The defendants also demanded, as further affirmative relief, that the plaintiffs be ordered to transfer their stock to the defendants upon payment of its value so ascertained.

On a former appeal, *Merlino* v. *Fresno Macaroni Manufacturing Co.,* 64 Cal.App.2d 462 [148 P.2d 884], to which case reference should be made for a more complete statement of the factual background, this court held that the defendants, other than the company, had a right to purchase the plaintiffs' stock upon the terms set forth in their answer. We also held that as a prerequisite to the assertion of the remedy of the purchaser it was necessary that a showing be made that the parties were unable to agree upon the fair cash value of the plaintiffs' shares. The defendants, in order to establish an inability of the parties to agree, made a cash offer of $110 per share for the plaintiffs' shares. Plaintiffs ignored the offer and thereupon the defendants made a motion in the court below for an order appointing three commissioners to appraise the plaintiffs' stock and ascertain its fair cash value. The order was made in which it was found, among other things, "that the parties are unable to agree upon the fair cash value of the shares of stock owned by the plaintiffs" and therein appointed three commissioners to appraise the plaintiffs' stock. Plaintiffs thereafter unsuccessfully attempted to dismiss the action. The trial court ordered the proceeding to continue. Thereafter, this court denied a petition by the plaintiffs for a writ of prohibition based on the attempted dismissal (*Merlino* v. *Superior Court,* [No opinion]). An application by the plaintiffs to the Supreme Court for a rehearing of this court's order denying a writ of prohibition was denied. In the course of the proceedings, the commissioners made two applications to the court below for an order fixing the reasonable amount of their fees and expenses and directing payment thereof. The trial court made orders, on both applications, directing payment by the defendants on account of the fees and expenses of the commissioners, both of which contain the same provision, to wit: "That defendants reimburse themselves by filing the usual cost bill *if successful in said action.*" (Italics ours.)

The record shows that no objection was made by counsel for

any of the parties to the reasonableness of the fees so awarded and directed to be paid, to wit, $50 per day for hearings and work done outside of Fresno, and $40 per day for hearings and work done within Fresno County, and $5.00 per hour for conferences of the commissioners. The second of the two orders, dated February 28, 1945, recites that counsel for the respective parties concurred in the reasonableness of the fees so awarded provided it contained a provision permitting defendants to reimburse themselves if successful. After filing the commissioners' report the court made findings of fact and conclusions of law affirming and approving it and judgment was entered directing that the plaintiffs take nothing by their complaint and that the defendants were entitled to the affirmative relief prayed for in their answer and to exercise the election of purchasing the plaintiffs' stock at its fair cash value which was appraised by the commissioners at $273.94 per share for the 337½ shares owned by the two plaintiffs. Judgment was entered directing the plaintiffs to transfer their stock to the defendants and also directed defendants to pay, upon such transfer, the sum determined upon as the fair cash value. The portion of the judgment appealed from recites that defendants recover from plaintiffs one-half of their costs as taxed, the total amount of said costs being $2,147.89, and one-half thereof being $1,073.95. A large part of the cost bill consists of the commissioners' fees and expenses. It is only from the part of the judgment concerning the apportionment of costs that this appeal has been taken. The various items specified therein were objected to in the trial court.

As we understand the force of plaintiffs' argument, they contend that in view of the terms of the court orders, made prior to the confirmation of the report, and during the course of the trial, reciting that the defendants pay the fees and expenses of the commissioners and that they "reimburse themselves by filing the usual cost bill, *if successful* in said action," that they were final orders in respect to the payment of such expenses, and that since plaintiffs were the prevailing parties in said action upon the issue finally presented, the court erred in apportioning such costs equally between plaintiffs and defendants. In this connection it is also argued that even though the plaintiffs originated the litigation as an action for dissolution and the defendants succeeded in avoiding such dissolution, that since the former decision on appeal in this case, the case developed into one where the sole controversy was

what defendants should pay for stock, which the plaintiffs were bound to sell; that since the plaintiffs ignored defendants' offer of $110 per share, the subsequent finding and judgment of the court establishing the price of $273.94 per share constituted a finding that plaintiffs were the successful and prevailing parties in the action and that the trial court could not act as a court of review over itself and continue to make varying and conflicting decisions as to costs; that therefore the first orders assessing costs were conclusive and not subject to subsequent change, citing *Winger* v. *Elmore*, 14 Cal.App.2d 241 [57 P.2d 1369]; Code of Civil Procedure, section 1025.

An action for dissolution of a corporation is a special proceeding (*St. Clair Estate Co.* v. *Superior Court*, 41 Cal. App.2d 389, 392 [107 P.2d 45]), although the relief sought is equitable in character. (*Havemeyer* v. *Superior Court*, 84 Cal. 327, 362 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627].)

Section 1032, subdivisions (a) and (b) of the Code of Civil Procedure provides in part that "costs are allowed of course: (a) To plaintiff upon a judgment in his favor . . . in a special proceeding" and "To the defendant upon a judgment in his favor in special proceedings"; that in an action other than those mentioned in subdivisions (a) and (b) "costs may be allowed or not, and, if allowed, may be apportioned between the parties . . . in the discretion of the court." It is apparent that the code specifically awards costs as of course, to the prevailing party in a special proceeding. (7 Cal.Jur. 264, § 6.) The two orders here made prior to judgment in relation to costs, contemplated a final order for costs in favor of the prevailing party.

In *Moore* v. *Otto Gas Engine Works*, 136 App.Div. 713 [121 N.Y.S. 631, 633], it is said: "That only can be said to be successful which 'terminates in the accomplishment of what is wished or intended.'" "Successful" is defined in 60 Corpus Juris 983, as "the obtaining or terminating in the accomplishment of what is desired, intended, or aimed at." To determine whether defendants were, in fact, the prevailing or successful parties, it is necessary to further recite some of the steps taken in this proceeding. Plaintiffs and defendants were each collectively the owners of one-half of the defendant corporation stock.

Plaintiffs took the position from the time the complaint was filed, that the plaintiffs were entitled to a dissolution of the

corporation and the appointment of a receiver, and that the court below was without jurisdiction to hear the matter pertaining to and fixing the value of the stock. This position plaintiffs maintained from the beginning and did not retreat therefrom until shortly before the termination of the litigation. They opposed the order appointing the commissioners upon that same ground. They attempted to dismiss the action for the same reason and unsuccessfully sought a writ of prohibition in this court restraining the superior court from proceeding to fix the value of the stock. The Supreme Court denied a hearing of this application. Plaintiffs thereafter progressively resisted every step in the litigation.

The statute under which plaintiffs were proceeding, nowhere compelled either the plaintiffs or defendants to make an offer or to place an asking price upon the stock of plaintiffs who were only seeking dissolution of the corporation and the appointment of a receiver. It provides that if the parties ''are unable to agree'' with respect to the fair cash value of the stock the court may proceed to appoint commissioners to fix it.

Plaintiffs, by their complaint, specifically sought a dissolution of the corporation; asked that a receiver be appointed to take over its affairs; and for a general liquidation.

Defendants denied generally the allegations of the complaint, opposed the dissolution and the appointment of a receiver, and by way of affirmative relief offered to purchase plaintiffs' stock and moved the court to ascertain and fix its value, and upon payment to plaintiffs of the amount fixed, to order plaintiffs to deliver to defendants their shares, properly endorsed, and for costs.

The trial court specifically found that ''plaintiffs should take nothing by their complaint, and that defendants are entitled to the affirmative relief prayed for in the answer''; ordered each party to file their bill of costs; and that plaintiffs recover one-half of their costs, so allowed ($50.25) from defendants; and that defendants recover one-half of their costs so allowed, from plaintiffs ($1,073.95). An item of $8.30 was stricken from plaintiffs' cost bill on a motion to retax. Plaintiffs appealed only from the portion of the judgment compelling them to pay one-half of defendants' costs and from the order taxing those costs. The implied finding that defendants were the successful or prevailing parties in the action is fully supported. Plaintiffs failed to obtain what they sought in their complaint and defendants obtained the affirmative relief prayed for in their answer.

Assuming that the action was a special proceeding, terminating in a judgment in defendants' favor, they would be entitled to recover from plaintiffs their costs as a matter of course. (Code Civ. Proc., § 1032, subd. (b).) Under such circumstances, plaintiffs should not be heard to here complain because the trial court only charged them with one-half of such costs. Defendants are not appealing from the judgment.

Defendants argue and contend that the action was a purely equitable action and that under such circumstances the court had the right to apportion the costs in accordance with the provisions of section 1032 subdivision (c) of the Code of Civil Procedure, and that no abuse of discretion appears, citing *Estrin* v. *Fromsky*, 53 Cal.App.2d 253 [127 P.2d 603]. Under either theory, plaintiffs' argument that one-half of defendants' costs were not taxable against them is without merit. There is nothing contained in the cases cited by plaintiffs to the contrary. The facts related might have justified a full recovery of defendants' costs from plaintiffs.

It is next argued that the court erred in allowing fees to the commissioners as above indicated; that the commissioners so appointed were in fact referees and entitled only to the sum of $5.00 per day under section 1023 of the Code of Civil Procedure. The commissioners were appointed by the court and their fees fixed by written order. The second order recites that counsel for defendants appeared in response to notice and that counsel for defendants stated in open court that he had no objection to the reasonableness of the fees requested by the commissioners and that counsel for plaintiffs "concurred." No objection was made by the plaintiffs to the fees awarded to the commissioners for their services until after those fees had been paid by the defendants. The section relied upon by plaintiffs is limited by its terms to *referees* and nowhere mentions commissioners or appraisers. The duties of the commissioners in the instant case were not those of a referee. Their duties were to appraise the value of the stock. The section specifically so provides. They employed many factors in arriving at the value of that stock. Nowhere in the proceedings in the instant case were the commissioners ever designated as "referees." The order appointing them declares them to be "commissioners." Their report was entitled "Report of Commissioners." To designate them as referees for the sole purpose of depriving them of reasonable compensation for their services would work a grave injustice upon the com-

missioners and upon the defendants who, in good faith, paid them the fees fixed by the court with the acquiescence of the plaintiffs. If the Legislature had intended that the commissioners appointed under section 404, subdivision (E) of the Civil Code should be paid fees of $5.00 per day as provided by section 1023 of the Code of Civil Procedure it would have said so. We believe that the plaintiffs' objection thereto finds little support in law or equity.

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.