[Civ. No. 18333.   Second Dist., Div. Two.   Feb. 5, 1951.]

CHARLES S. DARDEN, Petitioner, v. SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; ARTHUR
L. REESE et al., Real Parties in Interest.

Charles S. Darden, in pro. per., and Edward Carter Maddox for Petitioner.

Harold W. Kennedy, County Counsel and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Harold B. Pool for Real Parties in Interest.

MOORE, P. J.—This proceeding for a writ of mandamus arises from an action commenced by Reese, a minority shareholder, against the petitioner herein and the Lake Shore

148

Beach Company, of which petitioner is the majority shareholder. By his action Reese sought specific performance of a contract to purchase real property from the corporation, and in a fourth count he demanded a dissolution of the corporation. After trial judgment was entered decreeing dissolution of the corporation and providing that Reese receive, as part of his distributive share, the real property involved in the suit. Thereafter, petitioner instituted proceedings pursuant to Corporation Code, section 4658, to purchase the stock owned by Reese and to stay proceedings in the dissolution action. An order was thereafter entered in accordance with petitioner's request but conditioned on the posting of a $12,000 bond to protect Reese's right and on the corporation's assent to the further condition that Reese was to have the right to complete the purchase of the property sought by his initial action. Subsequently the court, on finding that the escrow instructions regarding the transfer of the property had not been complied with, vacated its prior order.

Petitioner now seeks a writ of mandamus to compel respondent court to appoint the necessary commissioners to appraise Reese's shares, to order the transfer of the stock to him pursuant to Corporation Code, sections 4658 and 4659, and to stay further dissolution proceedings. Relying on the cited statutes and the decision in *Merlino* v. *Fresno Macaroni Manufacturing Co.*, 64 Cal.App.2d 462 [148 P.2d 884], petitioner contends that it is mandatory for the court to permit him as holder of more than 50 per cent of the corporate shares to purchase the shares of Reese when the requirements of the code section are met.

The question for decision is whether petitioner had a plain, speedy and adequate remedy at law. ■ It is the settled practice that "where there is a right to an immediate review by appeal that remedy is almost as speedy as a writ proceeding." Therefore it must be considered adequate unless the petitioner can show some special reason why appeal is rendered inadequate by the special circumstances alleged. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 370 [217 P.2d 951].) ■ Inasmuch as the order complained of was appealable as a special order after final judgment (Code Civ. Proc., § 963) and an immediate review was available, the reviewing court cannot direct a modification of the order by mandamus unless the special circumstances alleged by petitioner constitute a clear exception to the general rule requiring a litigant to seek his remedy by appeal. Petitioner undertook to come within this

exception by averring: the corporation is now unable to do business; its assets are now being consumed by taxes and expenses; as a result, his shares are constantly losing value; an appeal is slow and costly. However, these facts demonstrate only that the remedy by appeal will accomplish exactly the same result which petitioner would achieve by mandamus. There is no showing that an appeal would be inadequate. The simple fact that mandamus might be somewhat speedier is not sufficient to justify the repudiation of a time-honored principle and an established practice by directing the issuance of the writ.

The alternative writ is discharged; the peremptory writ is denied.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied February 15, 1951.