[Civ. No. 18435.   Second Dist., Div. Two.   Oct. 4, 1951.]

ARTHUR L. REESE, Respondent, v. CHARLES S. DARDEN, Appellant.

Edward Carter Maddox, Charles S. Darden and John D. Home for Appellant.

Harold B. Pool for Respondent.

McCOMB, J.—Defendant Darden, hereinafter referred to as defendant, appeals from (1) an order of the trial court entered October 30, 1950, providing for a stay of dissolution of defendant corporation pursuant to the provisions of sections 4658-59 of the Corporations Code upon defendant's filing a bond in the sum of $12,000, and particularly from the portion of such order providing that defendants convey to plaintiff a certain parcel of real property as a condition precedent to staying dissolution of defendant corporation, and (2) an order entered November 21, 1950, vacating the order entered October 30, 1950, because of the failure of defendant to convey the parcel of real property described in the order of October 30, 1950, to plaintiff.

*Facts:* Plaintiff filed a complaint containing four alleged causes of action, one for declaratory relief, the second for an accounting, the third for specific performance of a contract whereby defendant corporation agreed to sell a parcel of land known as Lot 1 to plaintiff, and the fourth for dissolution of defendant corporation. After trial the court found (a) with reference to the first cause of action which sought to have the parties' rights declared with reference to a lease and promissory note that an indebtedness which defendant Darden claimed against the defendant corporation had been paid and ordered cancellation of the note evidencing such indebtedness; (b) that the second cause of action seeking an accounting should be dismissed without prejudice; (c) that the third cause of action should be dismissed without prejudice because plaintiff "in open court, agreed not to enforce the specific performance of" his "contract if other proper relief were granted plaintiff in plaintiff's fourth cause of action"; and (d) on the fourth cause of action judgment was given in favor of plaintiff ordering dissolution of defendant corporation and providing that in the event of the dissolution of the corporation there should "be distributed to" plaintiff "as a part of his share, the real property described in plaintiff's third cause of action in plaintiff's complaint," to wit, the parcel of land known as Lot 1. This judgment has become final, plaintiff not having appealed therefrom and defendant's appeal having been dismissed upon plaintiff's motion.

*Questions:* First: *Did the trial court in making its order of October 30, 1950, staying dissolution of defendant corporation, exceed its power in requiring, as a condition pre-*

*cedent to the granting of the stay of dissolution, that defendant Darden convey to plaintiff Lot 1?*

*Yes.* Section 4658 of the Corporations Code reads as follows:

"In any such suit the holders of 50 percent or more of the outstanding shares of the corporation may avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value.

"If the holders of 50 percent or more of the outstanding shares of the corporation (a) elect to purchase the shares owned by the plaintiffs, and (b) are unable to agree with the plaintiffs upon the fair cash value of such shares, and (c) give bond with sufficient security to protect the interests and rights of the plaintiffs and to assure to the plaintiffs the payment of the value of their shares, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares owned by the plaintiffs."

Section 4659 of the Corporations Code provides for the appointment of commissioners to appraise the value of the shares of stock owned by the plaintiff and for the award, decree, enforcement, appeal, and payment for and transfer of the shares. In the present case defendant's affidavit disclosed that he met the requirements of section 4658 of the Corporations Code, *supra*, in that he owned more than 50 per cent of the outstanding shares of stock of defendant corporation; that he elected to purchase plaintiff's shares of stock and that he and plaintiff were unable to agree on the fair value of the shares.

Under such conditions it is mandatory for the court to issue a stay of proceedings and to proceed to ascertain and fix the value of the shares of stock to be purchased by defendant. (*Merlino* v. *Fresno Macaroni Mfg. Co.*, 64 Cal.App.2d 462, 463 et seq. [148 P.2d 884].) In addition, defendant filed the bond required by the court. The other condition prescribed by the order was erroneous because beyond the power of the court whose jurisdiction was limited by the cited sections of the Corporations Code.

Second: *Were there equitable considerations which justified the condition prescribed relative to the transfer of Lot 1 in the order of October 30, 1950?*

*No.* The case of *Richman* v. *Bank of Perris*, 102 Cal.App. 71 [282 P. 801], relied on by plaintiff, is clearly distinguish-

able on its facts from those which obtain in the present case. In the Richman case the president of the bank had absconded with over $40,000 of the bank's capital. At a special meeting of the board of directors an assessment was levied upon the stockholders, and the absconding president having failed to pay his assessment his stock was sold and enough money realized to replace the impaired capital of the bank. A third party, after the transaction had been completed and the stock transferred on the books of the bank, levied an attachment on the interest of the president in the stock and obtained a judgment against him. His interest in the stock was sold under an execution issued pursuant to the judgment. The purchaser of the stock then attacked the validity of the assessment claiming that under his execution sale he was the owner of the stock, but he made no offer to do equity by tendering to the purchasers who had purchased the stock at the assessment sale the amount they had paid.

The appellate court, after holding that the assessment as levied was invalid due to faulty proceedings, then decided that the absconding president could not have recovered his stock on account of the illegality of the assessment sale unless he did equity by paying to the persons who purchased the stock at the assessment sale the amount they had paid for it, and that the president's execution creditor stood in no better position than he. Therefore, since no offer to do equity had been made, the plaintiff was not entitled to the relief prayed for.

Such case clearly is not applicable in the present situation. Here plaintiff voluntarily waived any right to specific performance which he could have obtained in the action that he had filed. He permitted the trial court to determine that Lot 1 was part of the assets of the corporation and obtained a judgment for dissolution thereof. He was presumed to have known the law that defendant Darden, who was a majority stockholder in the corporation, could avail himself of the provisions of sections 4658 and 4659 of the Corporations Code. He made no effort to correct any error in the judgment by moving for a new trial, appealing, or filing a counter-appeal. On the contrary he moved for and obtained a dismissal of the appeal taken by defendants from the judgment. Therefore plaintiff is bound by the judgment and equitably so since the appraisers, in taking into consideration the value of plaintiff's shares of stock, will undoubtedly include as an asset of the corporation Lot 1 and he will indirectly receive

all the benefit that he is entitled to under the judgment as originally entered.

It is ordered:

(1) That the order entered November 21, 1950, dissolving the order entered October 30, 1950, be and it is hereby reversed;

(2) That Paragraph V of the order of October 30, 1950, with the exception of the words "Dated: October 30, 1950." at the end thereof, be stricken, and as thus amended such order is affirmed.

Moore, P. J., concurred.