No. 18,971.

BEN LESSER *v.* BEN SAMETT.
(356 P. [2d] 897)

. Decided November 14, 1960.

Mr. HARRY L. SILVERMAN, for plaintiff in error.

Mr. IRVING I. OXMAN, for defendant in error, Mr. GEORGE K. THOMAS, of counsel.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE parties are here in the same order as they appeared in the trial court.

Ben Lesser, the plaintiff, and Ben Samett, the defendant, orally formed a partnership in April of 1956, to engage in the purchase, feeding, and sale of cattle. Defendant was an officer and director of the Zenith Packing Company, the purchaser of most of the cattle. Differences arose between the parties, and plaintiff allegedly then requested an accounting. No agreement was reached and this action was filed.

The complaint sets out the above facts, alleges that defendant failed to assure the best prices obtainable for cattle by reason of his interest in Zenith Packing, and alleges that defendant failed to account for money received from certain transactions, and prays for an accounting. The defendant's answer admits the partnership, denies the remaining charges, and also prays for an accounting as to the partnership funds.

At the trial plaintiff presented evidence of his expenses in purchasing, feeding and transporting the cattle handled by the partnership, and of the money he received from the sale thereof. Included in these amounts was a bill for feed paid by the defendant from an undisclosed profit of the partnership which defendant had collected. He also presented evidence of advances and loans made to defendant out of partnership funds. Ac-

cording to these figures the partnership had suffered a considerable loss.

On behalf of the defendant, testimony of the Zenith Packing personnel was introduced to explain the low prices paid for the partnership's cattle. The defendant then testified that there had been a valid settlement between him and plaintiff, and that he had willingly shared the losses of the partnership. He further testified as to certain additions and deductions from the account presented by plaintiff, with the result that plaintiff now owed him for a share of the profits of the partnership.

The court then entered the following order:

"And the court having heard the evidence produced as well on behalf of the said plaintiff as of the said defendant, and the arguments of counsel, and being now sufficiently advised in the premises, doth find the issues in favor of the defendant and against the plaintiff."

A judgment of dismissal was entered without determining whether either party owed the other any sums. There were no findings and no decision rendered on the items in dispute.

The failure of the court to render a clear accounting between the parties was error. Defendant did not contest the plaintiff's right to an accounting, but, on the contrary, joined in the request. The evidence presented the items of expense and of income of the partnership, and the items of dispute were clearly delineated. It was, therefore, the duty of the court to find and allow, or disallow, the various items as between the parties, and adjust the account in accordance with its findings. 1 C.J.S., Accounting, §41, (c) (1), p. 684; *Verdier v. Superior Court,* 88 Cal. App. (2d) 527, 199 P. (2d) 325. In *Hottel v. Poudre Valley R. Co.,* 41 Colo. 370, 92 Pac. 918, it was said:

" * * * But whether the trial court itself hears the evidence or makes a reference in a case like this, specific findings of fact should be made and the account stated showing what items are allowed to the respective parties.

Only by so doing can an appellate court, upon a written record, intelligently review the evidence, or determine whether proper allowances are made."

The judgment is reversed and the cause remanded for further proceedings in harmony with this opinion.

MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.