No. 19,111.

BILL J. GRIFFITH AND GRIFFITH INVESTMENTS, LTD.
v. ALBERT COOPER, ET AL.
(359 P. [2d] 360)

Decided February 14, 1961.

Mr. STANLEY C. JOHNSON, for plaintiffs in error.

Messrs. MASON, REULER AND PEEK, Mr. ROBERT N. TRUNK, Mr. IRVING HAYUTIN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name.

Cooper, Strauss and Freeman filed separate complaints against Bill J. Griffith, sole proprietor of Griffith Investments, Ltd. Each plaintiff in his complaint sought an accounting from Griffith in connection with an undertaking involving the construction of sixteen houses.

Because each of the complaints referred to a single agreement and the same enterprise, the three actions were consolidated for trial. Griffith filed three separate answers and three counterclaims, but after the consolidation filed a single amended counterclaim against Cooper, Strauss and Freeman. Because the action was primarily an accounting suit, with the three plaintiffs alleging profits due them, and Griffith alleging losses

and seeking contribution from the three plaintiffs, a master was appointed by the court to resolve the problem.

At the time of the appointment of the master, the trial court stated that he would be bound by the master's findings unless the parties preserved a record of the proceedings before the master. Neither party made such a record. After the master filed his report, no objections were made thereto by any party, and the court made no further mention of his previous announcement that he would be bound by it. Thereafter there was a supplemental hearing in which some of the figures of the master were used, but in which his recapitulation and final balance were ignored.

The court, without specific findings, rejected the claims of all parties and entered judgment leaving the parties as they were before commencement of the actions. Griffith seeks reversal of the judgment denying him recovery from the three plaintiffs. Cooper, Strauss and Freeman have not assigned cross errors and express complete satisfaction with the disposition made of the action, as they were thus allowed to retain benefits admittedly received while Griffith was left to shoulder losses of at least $17,619.64.

Cooper, Strauss and Freeman take the position here that their association with Griffith was not a joint venture, but that they were independent contractors and as such entitled to retain the benefits received as compensation for services rendered, without liability to share in the losses. This constitutes a departure from their contentions in the trial court. The statement of the case made by counsel for Cooper, Strauss and Freeman in the trial court, more accurately describes the transaction. That statement, with surplusage eliminated by the insertion of asterisks, was: " * * * there are certain things which are in effect *admitted* and will simplify the matter considerably. These four gentlemen [Cooper, Strauss, Freeman and Griffith] undertook a construction busi-

ness * * *. They began talking about it, * * * in March of 1956 and they began operations in June of 1956. It was in effect a *joint adventure* and *I do not think that will be disputed here.* There was to be a division of authority among them. Mr. Griffith was to handle pretty much the financial end * * *. Mr. Strauss was to work on the sales end of the horn, along with Mr. Griffith. Mr. Cooper, who is an expert on bids and so forth, was to handle that end of it, securing supplies * * *, and Mr. Freeman, who is a graduate engineer, was to do work in construction and sort of be the construction supervisor. * * * During that time they constructed some sixteen houses. Of those sixteen houses, eleven of them were sold. Four were given, one to each of these gentlemen. Each received a house * * *, and our evidence will show that under the understanding they were to each receive the house for the cost as part of their profit, but exclusive of whatever profits were to be made from the rest of the venture. They were to divide the profits a fourth each. * * * *I don't think there is any question but what they were joint venturers.* * * * "

In the accounting submitted by the master to the court, it was shown that in the course of the transaction Cooper was given an advance withdrawal of $4350.00, Strauss $2524.38, and Freeman $4050.00, or a total of $10,924.38. Other items of expense over and above income from the venture contributed to a total loss on the enterprise of $17,619.64. Their position in this court that they were independent contractors and as such entitled to compensation for their services, and so are entitled to these withdrawals without responsibility for the additional loss, is untenable. So also is their contention that the court was correct in dismissing Griffith's counter claim because he had failed to prove the allegations therein. The trial court, in entering the erroneous judgment against Griffith on the insufficiency of the proof to support the allegations of the counter claim, failed to follow the settled rule that a suit in equity for an ac-

counting constitutes an exception to the general rule that affirmative relief will not be granted to a defendant unless he makes claim to it by a cross bill or counter claim. A good statement of the equitable principle involved here is to be found in 1 Am. Jur. 307, sec. 63, to-wit:

"* * * such a suit [for an accounting], imports an offer on the part of the complainant to pay any balance that may be found against him; that upon such an accounting both parties are actors, and either is entitled, according to the result, to the aid of the court to recover the balance that may be found in his favor; and that it is not necessary for the respondent to file any cross bill, or to set up matter in his answer in lieu of such cross bill. * * *"

As plaintiffs in the trial court, Cooper, Strauss and Freeman appealed to the equitable powers of the court demanding that Griffith be made to account to them. They took the position that they were entitled to such relief because the parties were engaged in a joint venture. As independent contractors they could not ask for such equitable relief. Having received the accounting and the determination that the balances struck were not in their favor, but actually against them, they are sorry they came to court and are willing to drop the whole matter. We hold, however, that having opened the door, they must abide by the result and are bound by the accounting.

This court said in *Lesser v. Samett,* 144 Colo. 428, 356 P. (2d) 897:

"* * * It was, therefore, the duty of the court to find and allow, or disallow, the various items as between the parties, and adjust the account in accordance with its findings. 1 C.J.S. Accounting §41 (c) (1), p. 684; Verdier v. Superior Court, 88 Cal. App. (2d) 527, 199 P. (2d) 325. * * *"

In *Lesser v. Samett,* supra, we cited with approval *Hottel v. Poudre Valley R. Co.,* 41 Colo. 370, 92

Pac. 918, where it was held that specific findings of fact should be made in an accounting matter and the account stated by the court showing items allowed to the respective parties. This should be done in any case where the court hears the evidence or refers the matters to a master. In the case at bar the court made both a reference and conducted a hearing. There was no dispute as to the items of income nor were any of the expenditures made by Griffith, as determined by the master, challenged by any of the parties. Therefore, on the record as made, the court could do nothing more than to make a determination that the joint venture wound up with a loss of $17,619.64 and that this should be shared by the parties equally. The judgment then would properly have been in favor of Griffith and against the three other joint venturers for their proportionate share of the total loss.

The judgment is reversed and the cause remanded to the trial court with directions to enter a judgment for Griffith in harmony with the views herein expressed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.